## STATE *v*. C. R. KERBY.

### (*Knoxville.* September Term, 1916.)

1. **CONSTITUTIONAL LAW. Vested rights. Property in office.**
   While a justice of the peace has no vested right in his office, he has a property right therein. (*Post, pp.* 387-390.)

   Acts cited and construed: Acts 1903, ch. 114.

   Cases cited and approved: State v. Turnpike Co., 133 Tenn., 446; Strain v. Hefley, 94 Tenn., 668; Cheatham v. Brien, 40 Tenn., 552; Morgan & Co. v. Coleman, 40 Tenn., 352; Musgrove v. Hamilton Co., 111 Tenn., 1; Redistricting Cases, 111 Tenn., 234; Malone v. Williams, 118 Tenn., 390.

   Codes cited and construed: Secs. 6387, 6930 (S.).

   Constitution cited and construed: Art. 1, sec. 8; Art. 11, sec. 8; Art. 6, sec. 15.

2. **STATUTES. Class legislation. Trials. Outside districts.**
   In view of Const., art. 6, sec. 15, making jurisdiction of justices of the peace coextensive with the county, and Shannon's Code, sec. 6930, giving justices original jurisdiction in small offense cases, and section 6387, fixing fees of justices in criminal cases, Acts 1903, chapter 114, making it a misdemeanor for justices of the peace in counties of between 60,000 and 90,000 inhabitants to certify and submit a bill of costs for offenses committed outside of the territorial limits of their districts, unless by interchange or disqualification of the justice of such district, is unconstitutional as class legislation. (*Post, pp.* 387-390.)

---

### FROM HAMILTON.

---

Appeal from the Criminal Court of Hamilton County.—S. D. McREYNOLDS, Judge.

NEAL L. THOMPSON, Assistant·Attorney-General for the State.

W. F. CHAMLEE, for appellee.

MR. JUSTICE LANSDEN delivered the opinion of the Court.

Kerby is a justice of the peace for Hamilton county and was indicted under chapter 114, Acts 1903, for certifying to the criminal court of said county for payment by the county a certain bill of cost accruing in a case originating outside of the civil district in which he was elected, and tried by him. In the court below a motion to quash the indictment was sustained because the act of the legislature under which the defendant was indicted violates article 1, section 8, of the Constitution of this State, and because it violates article 11, section 8, in that it creates a "crime that can be committed in only one county in the State and is vicious class legislation."

The State has appealed and assigned errors, but it is admitted on the State's brief that the act in controversy is probably unconstitutional under the holding of this court in *State* v. *Turnpike Co.,* 6 Thomp. (133 Tenn.), 446, 181 S. W., 682.

By article 6, section 15, of the Constitution it is provided that the "jurisdiction of said officers [justices of the peace] shall be coextensive with the county." It was held in *Strain* v. *Hefley,* 94 Tenn., 668, 30 S. W., 747, that a justice of the peace elected

for one civil district of his county, and having a residence there at the time of his election and continuous thereafter, with an · office in that district, may lawfully open another office in another civil district of his county. It ˙was also held in ,*Cheatham* v. *Brien,* 3 Head, 552, and *Morgan & Co.* v. *Coleman,* 3 Head, 352, that any place where an official act is performed by a justice of the peace is ˙his office for the purpose of that particular act, provided it is within the territorial limits of the county. By section 6930 of Shannon's Code justices of the peace have original jurisdiction to hear and determine small · offense cases. By section 6387 the fees of the justices of the peace are fixed in all criminal cases. In *Musgrove* v. *Hamilton County,* 111 Tenn., 1, 77 S. W., 779, it was held that justices of the peace, in a small offense case, on submission by the defendant may enter a judgment against the defendant for fine and cost and collect the same by execution, but if the fine and cost cannot be so collected, and the defendant goes to the workhouse, or pays the fine and cost into the county treasury, the justice may certify his cost to the county and have it paid.

So the law stood until the passage of the act in question. By that act it is made a misdemeanor for justices of the peace, in counties having a population of from 60,000 to 90,000 inhabitants, to certify and submit a bill of cost for offenses committed outside of the territorial limits of the district from which he was elected, unless he sits in a case by interchange

or by reason of the incompetency of the justice of such district.

We have a great many cases in our reports dealing with population classification made by acts of the legislature, and it would be of no particular benefit to undertake to review them in this opinion. In the *Redstricting Cases,* 111 Tenn., 234, 80 S. W., 750, our cases are reviewed, and it is there laid down that the legislature can classify subjects which relate to governmental functions upon a population basis, and in that way limit the trrritorial effect of the law. But it has never been understood that the legislature could select a certain territory of the State upon a population classification and make laws in such territory which would affect the people in their property rights or their private relations with each other. *State* v. *Turnpike Co.,* 133 Tenn., 446, 181 S. W., 682.

While the defendant has no vested right in his office of the justice of the peace, it is well settled that an office is a species of property in which he has property rights. *Malone* v. *Williams,* 118 Tenn., 390, 103 S. W., 798, 121 Am. St. Rep., 1002.

All justices of the peace in this State, except those against whom the statute under review is leveled, can do the things rightfully, and lawfully for which the defendant is indicted; and the things which are forbidden to him are those which pertain to his office and make it valuable. This certainly is class legislation,

and, inasmuch as it deprives the defendant of the rights pertaining to his office which all others similarly situated are permitted to enjoy, it is vicious class legislation. The judgment of the criminal court is affirmed.