H. O. LEWALLEN *et al.*, COMPLAINANTS, APPELLEES, *v.* MRS. FREEMAN HAWN *et al.*, DEFENDANT, APPELLANT.

(*Knoxville*, September Term, 1933.)

Opinion filed October 21, 1933.

FOWLER & FOWLER, for complainants, appellees.

CHAS. H. DAVIS, for defendant, appellant.

MR. JUSTICE COOK delivered the opinion of the Court.

The bill was filed under the declaratory judgments law to have the court determine the constitutionality of chapter 764, Private Acts of 1933, entitled "An Act to prohibit

justices of the peace from teaching school or making contracts with the county board of education."

The Act, limited by reference to the Federal census to Scott County, provides that "it shall be unlawful for any member of the county court to teach school or make any other contract with the county board of education. It shall be unlawful for the county board of education or any member thereof to approve a contract or enter into a contract with a member of the county court. It is the intent of this Act to forbid justices of the peace from entering into contracts with the county board of education to teach in any of the schools, to enter into contracts with the county board of education for the sale of any materials to the school, and to make any other contract with said county board of education." By a subsequent section, violation of the Act is declared a misdemeanor.

The Chancellor held the Act partial and discriminatory and therefore void under Article I, Section 8 of the Constitution.

It is proper to note that section 3320 of the Code of 1932, applicable to all the counties of the State, forbids contract between the members of the county board of education and the quarterly court, but by a proviso of that section members of the quarterly court are expressly authorized to teach school.

The Act primarily affects the members of the quarterly court as individuals, instead of Scott County in its governmental capacity. Justices of the peace of Scott County are denied the right to teach school while justices of the peace in all the other counties are not. The Act is discriminatory and must give way to the superior law, Article I, Section 8 of the Constitution, for the reasons stated in *State* v. *Kerby,* 136 Tenn., 386, *Peters* v.

*O'Brien,* 152 Tenn., 466, and *State ex rel.* v. *Will Cummings,* an appeal from Hamilton County disposed of at the present term in an opinion of the court prepared by Mr. Justice McKinney. A declaration in conformity with the decree of the Chancellor will therefore be entered in this court.

Affirmed.