J. W. Jellicorse, County Trustee, v. G. F. M. Russell, Chairman of County Court.*

(*Nashville*. December Term, 1927.)

Opinion filed February 4, 1928.

1. SALARY LAW. LEGISLATIVE INTENT. CONSTRUCTION OF STATUTE.

The determination of the law fixing salaries of county officials depends upon the provisions of the Act taken altogether and interpreted with the view of ascertaining the intention of the legislature. (Post, p. 413.)

Citing: Acts of 1921, ch. 101.

2. SALARY LAW. LEGISLATIVE INTENT. CONSTRUCTION OF STATUTE.

All of the fees of county officials were by the salary law transferred to the County Treasurer and a maximum salary fixed according to the population standard commensurate with the responsibility and service, but providing that the salaries should be derived from fees paid into the office and should not exceed in any event the aggregate amount of said fees. (Post, p. 414.)

Citing: Hunter v. Conner, 152 Tenn. (25 Thomp.), 272, Acts of 1921, ch. 101, secs. 1, 2, and 3.

3. SALARY LAW. SALARY. EXPENSES.

In those counties where the fees amount to less than the salary fixed by the Act no accounting is necessary. (Post, p. 414.)

Citing: Acts of 1921, ch. 101, secs. 2, 3, and 5.

4. SALARY LAW. SALARY. EXPENSES. PREMIUM ON BONDS.

The Act provides what deductions may be made from the gross fees received by the office, but when they did not amount to $5,000, and no accounting is made the expenses of the office, including premiums on bonds, cannot be charged to the county. (Post, p. 414.)

Citing: Acts of 1921, chap. 101, secs. 9 and 10.

**5. SALARY LAW. FEES. SALARY. EXPENSES.**

The salary and office expenses must be derived from the fees received and no expense can be charged to the county revenue except those provided for by the general law. (Post, p. 415.)

Citing: Acts of 1921, ch. 101, sec. 17; Shannon's Code (1917 Ed.), sec. 6393.

**6. SALARY LAW. FEES. EXPENSES. MANDAMUS.**

Where it does not appear that a county official has kept an account of fees, or made a statement to the Chairman of the County Court, or made a semi-annual settlement in which he paid to the county fees derived from the excess of fees above the maximum salary allowed by the Salary Act, such county official cannot maintain a petition for mandamus requiring the county to pay the premium on his official bonds. (Post, p. 416.)

**7. MANDAMUS.**

A petition which does not present a prima facie case justifying the granting of a writ of mandamus should be dismissed on demurrer. (Post, p. 416.)

---

*Headnotes 1. Statutes, 36 Cyc., p. 1131; 2. Counties, 15 C. J., section 174; 3. Counties, 15 C. J., section 172 (Anno.); 4. Mandamus, 38 C. J., section 588; 5. Mandamus, 38 C. J., section 589; 6. Mandamus, 38 C. J., section 629.

---

FROM SMITH.

---

Appeal from the Chancery Court of Smith County.— HON. W. R. OFFICER, Judge.

W. H. TURNER and ROBERTS & ROBERTS, for complainant.

H. B. McGINNIS, for defendant.

MR. JUSTICE COOK delivered the opinion of the Court.

The petitioner insisted that Chapter 101, Acts of 1921, imposed the obligation upon the county to pay the premium on his official bond. Upon refusal of the Chairman of the County Court to issue a warrant to cover the

premium of $1,277 the petition for writ of mandamus was filed. The Chancellor held that the Act did not impose the obligation upon the County to pay the premium and refused to grant the writ.

Upon appeal the question presented by this record is whether Chapter 101, Acts of 1921, made it obligatory upon Smith County and other Counties of its class to pay premiums on bonds of County officers who by express provisions of the Act are authorized to retain as their compensation all the fees and emoluments of their office. (1) The determination depends upon the provisions of the Act taken altogether and interpreted with a view of ascertaining the intention of the Legislature.

Suppose we read the Statute, giving to each of its provisions the natural and obvious meaning which their language conveys, coupled with a view of the context of the Act, and without resorting to subtle or forced construction see if we may discover what the Legislature intended.

Section 1 provides that County officers shall be deprived of all fees of the office and in lieu of fees shall be compensated by salaries. It will be observed that this declaration is coupled with the statement "in the manner and form hereinafter provided." Words necessary to express the intention of the Legislature in making a law cannot always be embraced in a sentence, a paragraph, or a section of the Statute, hence the reason for looking beyond the literal meaning of detached sentences, paragraphs, and sections, and viewing the context, and drawing from the whole inferences through which the intention may be ascertained, for that which is clearly implied in a Statute is as much a part of it as that which is expressed.

*(2)* Upon such a review of the Statute in question the Court said in *Hunter* v. *Conner,* 152 Tenn., 272, that:

"The legislators, in the exercise of their governmental power, transferred the fees of all county officers to the county treasury, and substituted as compensation a maximum salary, determined by the population standard, commensurate with the responsibility and service, providing that the salary should be derived from fees paid into the office, and should not exceed in any event the aggregate earned by the office."

The last clause of Section 1 specially directs attention to those subsequent provisions of the Act that limit and control the declaration in this section. Among them are Sections 2 and 3. These Sections divide the counties of the State into three classes. (1) Counties of 200,000 population and over; (2) counties of 100,000 to 200,000 population; and, (3) counties under 100,000 population, and by Section 3 officials of the third class are given a salary of $5,000 a year, made dependent by Section 7 upon the fees, etc., of the office.

*(3)* Sections 2 and 3 are followed by Section 5, intended to regulate the mode of accounting for the excess fees. By the provision of this section all officers are required to keep an itemized account of fees, etc., and file a monthly statement with the County Judge and to pay over to the County Treasury semi-annually any balance derived from fees, etc., in excess of the salary and office expenses, but this requirement is confined to officers whose income from the office equals or exceeds the maximum salary provided by the Act. No accounting or report is required from officers whose fees, etc., do not amount to the salary fixed by Sections 2 and 3.

*(4)* For petitioner it is insisted that Sections 9 and 10 impose the obligation upon the County to pay the premium on his official bonds. These Sections are but

parts of the entire legislative plan.  They follow provisions intended to direct and control the method of accounting for the fees, etc., in excess of the maximum compensation, and what may be deducted when semi-annual payments are made in settlement of the excess fees, etc., and Sections 9 and 10 were inserted to indicate the deductions to be made from the fees derived from office. They set forth specifically what may be deducted from the gross earnings of the office, and include premiums on the official bond of the officer if he makes bond with a surety company.  If the officer makes no report of the fees collected, and makes no settlement with the county, the deduction is not authorized.  Without a settlement with the County Trustee under the provisions of the Act there is no account from which the deduction may be made.

*(5)*  Section 16 directs the officers to pay each month out of fees, etc., the expense of the office with the limiting phrase ''in the manner herein provided,'' which means out of fees derived from the office.  This provision is followed by Section 17, which provides:

''That in case the fees, etc., collected in any office held by an officer mentioned in Section 1 of this Act do not amount to a sum sufficient to pay the expenses of the office as herein provided, together with the salary or salaries of such deputy or deputies and clerks, as may be allowed said office, and also the salary of said officer as herein provided for then and in that event the said officer shall not receive the salary as herein provided, but shall be entitled to the fees collected in said office.''

When considered altogether the provisions of the Act very clearly express the intention of the Legislature to appropriate to the County wherein they arise all fees de-

rived from a County office in excess of expenses of the office and the maximum salary. Both the salary and office expenses, except as otherwise provided by enabling Acts such as Section 6393, Shannon's Code, must be derived from the fees and emoluments of the office, and the Act nowhere authorizes any officer to make a charge for salaries and premiums on bonds against county revenue derived from taxation. The deduction that may be made under Sections 5, 9 and 10, can only be made from the excess of fees over maximum salary and is not a charge upon the general revenue of the county.

(6) Viewed in its entirety, and considering each Section or provision of the Act as part of a general plan to segregate excessive official emoluments, and devote it to the use of the county where the excess originates, and to leave undisturbed income from the fees that do not exceed the maximum salary, the insistence of petitioner cannot prevail. He does not show in his petition that he has kept an account of fees or made a statement to the Chairman of the County Court, or made a semi-annual settlement in which he paid to the county fees derived from the excess above the maximum salary allowed by the Act. It was incumbent upon petitioner to affirmatively show a clear and not a doubtful right to the writ of mandamus. No statement of his petition suggests that the fees of his office during any year of his term will exceed the maximum salary allowed him of $5,000 a year.

(7) The Chancellor committed no error in sustaining the demurrer to the petition, for the defendant was under no obligations to make, return or answer the alternative writ upon a petition that does not present a *prima-facie* case to justify granting the writ.

Affirmed.