Edward H. SAPP, County Judge of Bledsoe County, Tennessee, et al., Appellants-Respondents,

v.

STATE of Tennessee ex rel. Carlton NIPPER, Sheriff of Bledsoe County, Tennessee, Appellee-Petitioner.

Albert SLUSHER, Administrator of Anderson County, Tennessee, Appellant-Defendant,

v.

H. H. HILL, Sheriff of Anderson County, Tennessee, Appellee-Plaintiff.

Supreme Court of Tennessee.

June 9, 1975.

William G. McPheeters, Dayton, James Nelson Ramsey, Oak Ridge, for appellants.

David R. Swafford, Pikeville, J. Carson Ridenour, Clinton, for appellees.

## OPINION

HARBISON, Justice.

The sole determinative question presented in each of these cases is the constitutionality of T.C.A. § 8–2001 *et seq.*, insofar as these sections pertain to the employment of deputies sheriff and assistants to the county sheriff.

Insofar as they pertain to the county sheriff, the statutes provide that the sheriff shall make application to the circuit or criminal judge of his county for the employment of deputies and assistants, showing the necessity therefor, the number required and the salary that should be paid to each, when the sheriff cannot alone properly and efficiently conduct the affairs and transact the business of his office by devoting his entire working time thereto. The statutes provide for the county judge to be made a party defendant to such a petition, authorizing him to make such answer as he deems advisable under the circumstances. Thereupon the appropriate circuit or criminal court is authorized to hold a hearing and to allow or disallow the application, either in whole or in part. T.C.A. § 8–2004 provides that the order of the court shall be spread upon the minutes of the court as in the case of other judgments, and that the order or decree fixing the number of deputies and salaries may be changed or modified from time to time upon application made to the court.

In T.C.A. § 8–2006 either party dissatisfied with the order of the court in the proceedings is given the right of appeal.

In each of the present cases, the respective sheriffs filed petitions seeking approval of the employment of deputies, assistants, and other expenses of their offices, with the appropriate state court sitting in their counties. The petitions in each case were allowed by the respective trial judges. In the Bledsoe County case the respondent county officials prayed an appeal from the order of the circuit judge, but did not perfect their appeal. Thereafter, apparently they failed to comply with the court order, and the present proceedings in the Bledsoe County case arise from a petition by the Sheriff for a writ of mandamus against the

County Judge and the Quarterly County Court for failure to comply with the order of the Circuit Judge with respect to the payment of salaries and expenses of the office of the Sheriff. A peremptory writ of mandamus was issued by the Circuit Judge, from which the county officials have appealed. There is no transcript of evidence in that case, and the case is before us solely on the technical record, showing the original petition by the Sheriff, response thereto, and orders of the court, together with the pleadings and orders in the mandamus proceeding.

The Anderson County case is here on direct appeal from the order of the Circuit Judge, sustaining the petition of the Sheriff.

As stated, in each of the two cases, the only issue presented is whether or not the procedure authorized in T.C.A. § 8–2001 et seq. is constitutional. It is insisted on behalf of the county governments in each case that the procedure authorizing a state circuit or criminal judge to approve the number of deputies and assistants to be employed by a county sheriff violates the principles of separation of powers, and imposes legislative functions and duties upon the judicial department of the state, in violation of Article 2, Section 1 and Article 6, Section 1 of the Tennessee Constitution. The first of these constitutional provisions provides for the division of the state government into three distinct departments, Legislative, Executive and Judicial, and the second of the provisions defines the judicial power of the state.

In addition to involving the foregoing constitutional provisions, these cases also involve the following portion of Article 11, Section 9 of the state constitution:

"The Legislature shall have the right to vest such powers in the Courts of Justice, with regard to private and local affairs, as may be expedient."

The code sections in question, T.C.A. § 8–2001 et seq., were derived from Chapter 101 of the Public Acts of 1921, as subsequently amended. The history of these statutory provisions is discussed in the case of *Hunter v. Conner*, 152 Tenn. 258, 277 S.W. 71 (1925). As pointed out in the opinion in that case, there had been a series of "anti-fee" statutes enacted by the General Assembly prior to 1921, all of which had been held unconstitutional for various reasons. In the *Hunter* case, *supra*, the present statutes were expressly held constitutional, with the exception of one portion which was elided, and which will be mentioned subsequently. There has been no retreat from or modification of the *Hunter* decision in the years subsequent to its rendition, insofar as our research discloses, and we are of the opinion that it is controlling here.

In the earlier case of *Hickman v. Wright*, 141 Tenn. 412, 210 S.W. 447 (1918), an earlier "anti-fee" statute, Chapter 47 of the Public Acts of 1917, was held unconstitutional for various reasons. With respect to the specific provisions here under consideration, however, the Court in that case quoted Article 11, Section 9, of the Tennessee Constitution and said:

"As to the policy of delegating to the courts the authority to determine the number of deputies and the salaries they are to receive this court has nothing to do; but if the legislature sees proper to confer this power on the courts, then under the foregoing provision of the Constitution we think it has a right to do so and that it would not be a wrongful delegation of power and would not be imposing nonjudicial duties on the courts." 141 Tenn. at 423, 210 S.W. at 450.

It is true, as pointed out on behalf of the appellant in the Anderson County case, that in the subsequent case of *Henderson County v. Wallace*, 173 Tenn. 184, 116 S.W.2d 1003 (1938), this Court used language in construing Article 11, Section 9, of the constitution which is somewhat difficult to reconcile with that used in the *Hickman* case, *supra*.

In that case, the Court was not considering the constitutionality of the present statutes, but was construing Chapter 63 of the Public Acts of 1937. The latter statute purported to amend what is now T.C.A. § 8–2405 (then Williams Tennessee Code Annotated, § 10743) so as to authorize the legislature to supplement the salary of individual county officers when it deemed the salary or compensation provided by the general salary law to be inadequate. A further provision of the statute authorized particular county officials, when their fees did not amount to as much as the maximum salary provided for their offices, to apply to the circuit or chancery courts, and these courts were authorized to adjudge a supplement to the fees of these officers.

The provisions of the 1937 Act were held by this Court to be unconstitutional in the *Henderson County* case. The Court held that these provisions had the same constitutional infirmities as existed with the portion of the 1921 Salary Act, which had been stricken in *Hunter v. Conner, supra,* and which had been elided therefrom by that decision. The Court did not, however, in the *Henderson County* case, in any way retreat from or modify the decision in the *Hunter* case, insofar as that case upheld the constitutionality of the statutes now under consideration.

In the *Hunter* case, as in the *Henderson County* case, it was held that the legislature could not delegate the power to fix the salary of a regular county officer or regular clerk of any court, and in our opinion, there is no inconsistency between the two cases.

In the *Henderson County* case, the Court did use language, in construing Article 11, Section 9, of the Tennessee constitution, to the effect that that provision referred to powers being vested in the governing bodies of counties, that is, the quarterly county court or a board of commissioners. The Court did state that, insofar as fixing the salary of regular county officials themselves:

"But we have been referred to no authority in support of the contention that legislative functions, even with respect to private and local matters, can be vested in the circuit or chancery court, and, in our opinion, the constitution prohibits the delegation of such power." 173 Tenn. at 189, 116 S.W.2d at 1005.

Again, however, it should be emphasized that in the *Henderson County* case, the Court was dealing with the fixing of salaries of regular elected or appointed county officials by the courts on the one hand, whereas it was dealing with the authorization for employment of assistants or deputies in *Hunter v. Conner.*

While it might have been possible for the legislature to have chosen other methods by which county officials might seek approval of the employment of assistants, the method prescribed by T.C.A. § 8–2001 *et seq.* was approved in *Hunter v. Conner, supra,* and has now been the practice for more than fifty years. This method has been examined and the statutes mentioned in several subsequent cases, and in none of them has there been any suggestion that the statutory provisions were unconstitutional. See *Brewer v. Davidson,* 223 Tenn. 399, 445 S.W.2d 908 (1969); *White v. Davidson County,* 210 Tenn. 456, 360 S.W.2d 15 (1962); *Atkinson v. McClanahan,* 520 S.W.2d 348 (Tenn.App.1974). *Carter v. Jett,* 51 Tenn.App. 560, 370 S.W.2d 576 (1963).

It is the opinion of this Court that the statutes in question and the procedures authorized by them do not violate the provisions of the Constitution of the State of Tennessee with respect to the separation of powers, and that they are authorized within the scope and purview of Article 11, Section 9, of the Constitution.

The judgment of the trial court in each of these cases is affirmed at the cost of the appealing parties.