State ex rel. v. Stewart.

STATE ex rel. SHELBY COUNTY v. STEWART, County Register.

SAME v. BRETT, Circuit Court Clerk.

(*Nashville.* December Term, 1919.)

1. **COUNTIES.** Statute abolishing fee system in one county held arbitrary and partial.

Private Acts 1917, chapter 77, depriving county officials in counties of more than 190,000 which applied only to Shelby county of their fees, placing them on salaries, and requiring them to remit all fees to the county treasury, requires them to render the same services as officials of other counties who are permitted to retain all their fees collected, and is invalid as arbitrary and partial. (*Post, pp.* 378, 379.)

Acts cited and construed: Acts 1917, ch. 77.

Cases cited and approved: Mayor v. Dearmon, 34 Tenn., 104; Weaver v. Davidson County, 104 Tenn., 315; The Redistricting Cases, 111 Tenn., 234; State v. Kerby, 136 Tenn., 386.

Constitution cited and construed: Art. 1, sec. 8; Art. 11, sec. 8.

2. **STATUTES.** Statute abolishing fee system in one county held invalid as suspending general law.

Private Acts 1917, chapter 77, depriving county officials in all counties of more than 190,000, which applied only to Shelby county, of their fees, and placing them on salaries, is unconstitutional because it suspends a general law for the benefit of Shelby county, since under the general law the fees collected by the county officials belong to them and no portion thereof to the respective counties. (*Post, p.* 379.)

State ex rel. v. Stewart.

3. **STATUTES.** Act abolishing fee system for one county held not
   exercise of police power nor regulation of governmental entity.

   Private Acts 1917, chapter 77, depriving county officers of fees in
   counties of more than 190,000, which affected only Shelby county,
   is not a valid exercise of police power, since it does not pertain
   to nor affect the public safety, the public health, or the public
   morals, but is a revenue act passed solely in the interest of the
   county, nor is it an act regulating county matters as a govern-
   mental or political entity.   (*Post, p.* 379.)

   Case cited and distinguished: Motlow v. State, 125 Tenn., 547.

4. **COUNTIES.** Fact act is applicable to counties having specified
   population does not make it one affecting governmental entity.

   The fact that Private Acts 1917, chapter 77, abolishing the fee sys-
   tem of county officials, applies to counties having a population of
   more than 190,000, there being but one such county, by the federal
   census of 1910, or any subsequent federal census, does not make the
   classification valid, since the act does not affect the county in its
   political or governmental capacity.   (*Post, p.* 380.)

   Case cited and approved: State v. Turnpike Co., 133 Tenn., 446.

5. **OFFICERS.** County officers have property rights in respective of-
   fices.

   County officers have property rights in their respective offices.
   (*Post, p.* 380.)

   Case cited and approved: Smiddy v. Memphis, 140 Tenn., 97.

FROM SHELBY.

Appeal from the Chancery Court of Shelby County.—
HON. F. H. HEISKELL, Chancellor.

R. LEE BARTELS, for appellant.

J. D. MARTIN, PHIL. M. CANALE, T. K. RIDDICK, K. T.
MCCONNICO and W. E. NORVELL, JR., for appellees.

MR. JUSTICE MCKINNEY delivered the opinion of the
Court.

The determinative question in these cases is the constitu-
tionality of chapter 77 of the Private Acts of 1917.

Said act deprives the county officials of Shelby county
of all fees and places them on salaries ranging from $4,000
to $6,500 each per annum; provides various deputies for
the several offices and fixes their salaries; provides that
all fees collected by such officials shall be paid into the
county treasury; requires said officials to keep books con-
taining a minute description of each fee collected; re-
quires them to file a verified detailed statement of fees
so collected, each month, with the chairman of the county
court, who issues to them warrants, drawn on the county
treasury, for their salaries, expenses, etc. Finally the
act makes it a felony for any official to fail to comply with
the terms and conditions thereof.

It is insisted by the defendant officials that the act is
unconstitutional because it violates article 1, section 8, and
article 11, section 8, of our State Constitution, in that it
suspends a general law for the benefit of Shelby county,
and because it deprives the county officials of Shelby coun-
ty of the fees collected by them, but does not deprive like

officials in the other counties of the State of their fees. In other words, that the act is unreasonable, arbitrary, partial, and is vicious class legislation.

For many years the fee system has prevailed in this State. The legislature fixed a uniform scale of fees to be collected by the various county officials so that the charge for recording a deed in Shelby county is the same in every other county of the State. The same is true as to the fees of sheriffs and all other county officials.

A number of efforts have been made to abolish this fee system upon the theory that in some of the larger counties officers were overcompensated. With this end in view, the legislature passed several anti-fee bills, all of which, however, were defectively drawn, and, consequently, held unconstitutional by this court.

The officials of Shelby county render the same service, perform the same duties, and receive therefor the same fees as do like officials of Davidson county, and yet such officials of Davidson county are permitted to retain all fees collected, while, in effect, the officials of Shelby county are only permitted to retain a part of such fees. Furthermore, the officials of Shelby county are compelled to keep a detailed set of books and file verified reports each month, and are subject to fine and imprisonment for failure to do so, while no such burdens are imposed upon county officials in the other ninety-five counties of the State.

Following the spirit of our Constitution of justice and equality, and adhering to former adjudications of this court, we feel constrained to hold the act in question invalid as being arbitrary and partial. The following cases are in point: *Mayor* v. *Dearmon,* 2 Sneed, 104; *Weaver* v. *Davidson County,* 104 Tenn., 315, 59 S. W., 1105; *The Re-*

*districting Cases,* 111 Tenn., 234, 80 S. W., 750; *State* v. *Kerby,* 136 Tenn., 386, 189 S. W., 859.

We are further of the opinion that the act is unconstitutional because it suspends a general law for the benefit of Shelby county.

Under the general law of this state, the fees collected by all county officials belong to them and no portion thereof belong to the respective counties.   Under the act in question the legislature undertook to suspend this general law so as to give to Shelby county a portion of such fees, but did not extend the right to any of the other counties of the State.   No good reason has been suggested to us which would justify such a discrimination.

We do not wish to be understood as holding that the legislature cannot classify the counties of the State, upon a population basis, as was done by the Estes Fee Bill, which was held unconstitutional by this court in *Weaver* v. *Davidson County,* supra, but upon other grounds. That question is not before us.

We are further of the opinion that the act is not a police power statute, nor an act regulating county matters as a governmental or political entity.

In *Motlow* v. *State,* 125 Tenn., 547, 145 S. W., 177, L. R. A., 1916F, 177, "police power" is thus defined: "The police power is a necessary one, inhering in every sovereignty, for the preservation of the public safety, the public health, and the public morals."

The act in question does not pertain to, nor in any manner affect, the public safety, the public health, or the public morals, but it is a revenue act passed solely in the interest of Shelby county.

The fact that the act applies to counties having a population of more than 190,000 by the federal census of 1910, or any subsequent federal census, does not alter the case where the act does not affect the county in its political or governmental capacity. *State* v. *Turnpike Co.,* 133 Tenn., 446, 181 S. W., 682; *Redistricting Cases,* supra.

In *State* v. *Kerby,* supra, it was said: "While the defendant has no vested right in this office of the justice of the peace, it is well settled that an office is a species of property in which he has property rights."

In the cases under consideration, the defendants had property rights in their respective offices which was not the case in *Smiddy* v. *Memphis,* 140 Tenn., 97, 203 S. W., 512, a case relied upon by the complainant. A fireman is not an officer but a mere employee of the city.

We therefore hold that the Chancellors were correct in holding the act to be unconstitutional, and their action in dismissing the bills of the complainant is affirmed.