JOHN W. PETERS *v.* W. C. O'BRIEN *et al.**

(*Knoxville.* September Term, 1925.)

1. **ATTORNEY-GENERAL.** Attorney-general of State a proper party in suit testing validity of law.

In suit under declaratory judgments statute to have validity of law determined, attorney-general of State was properly made a party. (*Post, pp.* 467, 468.)

Acts cited and construed: Acts 1923, ch. 29; Priv. Acts 1925, ch. 382.

2. **CONSTITUTIONAL LAW.** Law fixing salary of trustees in certain counties held unconstitutional as deprivation of property.

Private Acts 1925, chapter 382, limiting salary of county trustees to $2,000 in counties with population between 21,480 and 21,492, *held*, unconstitutional as violating Constitution, article 1, section 8. (*Post, p.* 468.)

3. **STATUTES.** Law fixing salary of trustees in certain counties held unconstitutional as class legislation.

Where Private Acts 1925, chapter 382, limited salary of county trustees to $2,000 in counties with population between 21,480 and 21,492, and trustee in Carter county, which fell in such classification, was entitled to receive $5,000 under Acts 1921, chapter 101, *held* act of 1925 was unconstitutional as violating Constitution, article 11, section 8, relative to class legislation, since it affected trustee individually and not Carter county in governmental capacity. (*Post, p.* 468.)

Cases cited and approved: State v. Kerbey, 136 Tenn., 386; State ex rel. v. Stewart, 147 Tenn., 375.

4. **STATUTES.** Arbitrary classification of counties, designed to affect rights of citizens, never permissible.

Classification of counties of State on population basis, with respect to compensation paid county officials, is permissible, if reasonable, but arbitrary classification designed to affect rights of citizens is never permissible. (*Post, pp.* 468, 469.)

Acts cited and construed: Acts 1921, ch. 101.

Cases cited and approved: Hunter v. Conner et al., 277 S. W., 71; Ogilvie v. Hailey, 141 Tenn., 396; State v. Turnpike Co., 133 Tenn., 446.

Constitution cited and construed: Art. 1, sec. 8; Art. 11, sec. 8.

---

*Headnotes 1.  Attorney-General, 6 C. J., Section 18 (Anno); 2. Constitutional Law, 12 C. J., Section 459;   3.   Statutes, 36 Cyc., p. 1016; 4. Statutes, 36 Cyc., p. 1005.

---

### FROM CARTER.

---

Appeal from the Chancery Court of Carter County.— Hon. Hal H. Haynes, Chancellor.

Sells, Simmons & Bowman, for John W. Peters.

Collins & Hyder and Cox & Taylor, for O'Brien et al.

Mr. Chief Justice Green delivered the opinion of the Court.

The complainant is the trustee of Carter county, having been elected in August, 1924, for the term beginning September 1, 1924, and ending September 1, 1926. He brought this suit under the declaratory judgments statute (Laws 1923, chapter 29) to have determined the validity of chapter 382, known as Senate Bill No. 506, of the Pri-

vate Acts of 1925.  The attorney-general of the State was properly made a party.  The chancellor declared the act unconstitutional, and the chairman of the county court has appealed.

The act provides that all county trustees in counties having a population of not less than 21, 480 nor more than 21,492, according to the federal census of the year 1920 or any subsequent federal census, shall receive a salary of $2,000 per annum.  It is further enacted that all fees now provided by law to be paid to such trustees shall, from and after the passage of the act, be turned into the public treasury, providing that the act shall not be construed to deprive said trustees of any fees to which they may have a vested right.

The bill avers that the fees which the complainant has been receiving under the General Statutes of Tennessee are "far in excess of the compensation fixed under said act."

We think the chancellor properly held this act unconstitutional.  The act primarily affects the trustee as an individual, not Carter county in its governmental capacity, and the case falls under the authority of *State* v. *Kerbey,* 136 Tenn., 386, 189 S. W., 859, and *State ex rel.* v. *Stewart,* 147 Tenn., 375, 247 S. W. 984.

Classification of the counties of the State on a population basis, with respect to the compensation to be paid the officials of said counties, is permissible and has been upheld by this court, where such classification is reasonable.  *Thomas S. Hunter* v. *Sam A. Conner et al.,* 277 S. W., 71, decided at the present term, opinion not yet (officially) published.  Arbitrary classification, designed immediately to affect the rights of the citizen,

however, is never permissible, and if no possible reason can be conceived to justify such classification, it will not be upheld. *Ogilvie* v. *Hailey,* 141 Tenn., 396, 210 S. W., 645; *State* v. *Turnpike Co.,* 133 Tenn., 446, 181 S. W., 682.

As intimated in *Hunter* v. *Conner et al.,* supra, there may be a reason to justify a provision for fixed salaries in certain of the smaller counties of the State because the fees provided under the general law do not amount to enough to secure the services of a competent official. So, as held in that case, when the fees provided under the general law aggregate a sum in excess of reasonable compensation, the officials in the larger counties may be restricted to a salary.

Carter county is a county of the third class under chapter 101 of the Acts of 1921, in which the trustee would be allowed to retain as his compensation fees amounting to as much as $5,000 per annum. The bill herein alleges that from his fees under the General Statutes the complainant would obtain compensation far in excess of the salary provided for him under the act of 1925. The case was submitted on demurrer. We can think of no reason to uphold this discrimination against the trustee of Carter county and regard the act before us as in violation of section 8 of article 1, and of section 8 of article 11, of the Constitution.

The decree of the chancellor is accordingly affirmed.