JOHN HOWE *v.* HAWKINS COUNTY *et al.*

(*Knoxville.* September Term, 1929.)

Opinion filed November 16, 1929.

MARGRAVES & MONEYHUN, for complainant, appellant.

PHILLIPS & HALE, for defendant, appellee.

Mr. Justice McKinney delivered the opinion of the Court.

The only question involved in this cause is the constitutionality of chapter 539 of the Private Acts of 1929, which is as follows:

"AN ACT 'ENTITLED AN ACT' to authorize and direct the Sheriff of Hawkins County to name and appoint a Chief Deputy Sheriff on a salary and fix his compensation and to provide for payment of same, prescribe his duties, and his tenure of office, etc.

"SECTION I. BE IT ENACTED BY THE GENERAL ASSEMBLY OF THE STATE OF TENNESSEE, That the Sheriff of Hawkins County is hereby ordered and directed to forthwith name and appoint a Chief Deputy Sheriff for Hawkins County who shall be entitled to serve as such at the will of the Sheriff and who shall be paid out of the 'County Fund Proper' of Hawkins County, a compensation of one hundred dollars ($100) per month, in addition to the statutory fees paid deputy sheriffs. A warrant for said compensation to be issued and paid said Chief Deputy monthly in the same mode and manner as is the *ex officio* fees of the Sheriff of Hawkins County; said Chief Deputy Sheriff so appointed shall be required, before acting as such, to execute a bond as the law provides for deputy sheriffs, and shall be subject to discharge by the Sheriff as other Deputy Sheriffs, at the will of the Sheriff.

"SECTION 2. BE IT FURTHER ENACTED, That it shall be the primary duty of said Chief Deputy appointed, as provided in Section 1 of this Act, to devote his time to the enforcement of the Criminal Law, and said Chief Deputy Sheriff is required to be a resident of the

County of Hawkins and to keep and maintain local and long distance phone connections in his residence.

"SECTION 3. BE IT FURTHER ENACTED, That this Act take effect from and after its passage, the public welfare so requiring."

The chancellor was correct in holding the act violative of article 11, section 8, of the Constitution which provides:

"The Legislature shall have no power to suspend any general law for the benefit of any particular individual, nor to pass any law for the benefit of individuals inconsistent with the general laws of the land; nor to pass any law granting to any individual or individuals, rights, privileges, immunities or exemptions other than such as may be, by the same law extended to any member of the community, who may be able to bring himself within the provisions of such law."

By chapter 101, Acts of 1921, the Legislature passed a general law, applicable to every county in the State, regulating the compensation of all county officers and their deputies. Section 8 of the act expressly provides what the compensation of deputy sheriffs shall be. The validity of this act was sustained by this court in *Hunter* v. *Conner,* 152 Tenn., 258.

The effect of the act here involved is to give one of the sheriff's deputies in Hawkins County $100 per month additional compensation to that provided by the general law, a privilege or benefit not enjoyed by such officers in the other counties of the State. The provision of the constitution invoked expressly forbids legislation which grants favors and benefits inconsistent with the general law. *Hunter* v. *Conner, supra.*

654

This court has uniformly held such enactments invalid. The following recent decisions are in point: *Hagan* v. *Black*, 17 S. W. (2d) 908; *Erwin Billiard Parlor* v. *Buckner*, 156 Tenn., 278; *Peters* v. *O'Brien*, 152 Tenn., 466; *State ex rel.* v. *Stewart*, 147 Tenn., 375; *Hickman* v. *Wright*, 141 Tenn., 412; *State* v. *Cummins*, 141 Tenn., 318; *State* v. *Kerby*, 136 Tenn., 386.

Affirmed.