JAMES L. SHANKS v. HAWKINS COUNTY, *et al.**

(*Nashville.* December Term, 1929.)

Opinion filed December 21, 1929.

*Corpus Juris-Cyc References: Sheriffs and Constables, 35Cyc, p. 1550, n. 64; Statutes, 36Cyc, p. 1016, n. 74.

MARGRAVES & MONEYHUN, for complainant, appellant.

PHILLIPS & HALE, for defendant, appellee.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This is a suit by the Sheriff of Hawkins County to recover certain compensation for *ex-officio* services provided by chapter 102 of the Private Acts of 1919 and chapter 200 of the Private Acts of 1929. The chancellor was of opinion that the Acts were unconstitutional and dismissed the proceedings. Section 1 of chapter 102 of the Private Acts of 1919, which applies to Hawkins County, is as follows:

"That hereafter, in all counties of the State having a population of not less than twenty-three thousand five hundred and eighty (23,580), and not more than twenty-three thousand five hundred and ninety-five (23,595), according to the Federal Census of 1910, or any subsequent Federal Census, the sheriffs of such county or counties shall be allowed and paid the fees now provided by law and in addition shall receive six hundred dollars ($600) per annum in *ex-officio* fees, to be paid quarterly, on the warrant of the Chairman or Judge of the County Court of said county."

Chapter 200 of the Private Acts of 1929 amends the earlier Act so as to make the *ex-officio* compensation $1200 instead of $600.

The general law of the State regulating the sheriff's allowance for *ex-officio* services is contained in section 6404 of Thompson's-Shannon's Code, and is in these words:

"The county courts of the different counties in this State shall, at their first quarterly term in each and

every year, make such allowance as they in their discretion shall think sufficient to compensate their sheriffs for *ex-officio* service.''

The chancellor said that he could think of no reason which would justify a statute specially regulating the *ex-officio* compensation of the Sheriff of Hawkins County and taking the matter of the compensation of this official out of the statute providing for *ex-officio* compensation of sheriffs generally. On the hearing, counsel have not suggested to us any valid reason for such discrimination. The case seems to fall plainly under the decisions of this court in *Peters* v. *O'Brien,* 152 Tenn., 466; *State ex rel.* v. *Stewart,* 147 Tenn., 375; *State* v. *Kerbey,* 136 Tenn., 386, and *Howe* v. *Hawkins County,* decided at this term. The statutes before us primarily affect the Sheriff of Hawkins County as an individual rather than that county in its governmental capacity and are in contravention of section 8 of Article I and section 8 of Article XI of the Constitution of the State.

Counsel for the sheriff refer us to numerous Acts of the Legislature specially regulating the compensation of officials of particular counties. Most of these statutes undertake to provide a minimum compensation for such officials, supplementing the fees accruing by a small stipend from the county treasury or fixing a salary and devoting the fees accruing to the public use. It was intimated, although not decided, in *Hunter* v. *Connor,* 152 Tenn., 258, and *Peters* v. *O'Brien, supra,* that such special provisions with reference to compensation of officials of the smaller counties of the State might be justified if the fees provided under the general law did not amount to enough to secure the services of a competent officer.

Hawkins County, however, is a county of average population, business and resources. Moreover, the statutes under consideration do not undertake to fix the minimum or maximum compensation of this sheriff. The sum directed to be paid him for the *ex-officio* services is in addition to his fees now provided by law. The determination of the value of *ex-officio* services rendered by a sheriff is a matter peculiarly within the knowledge of the county court of his county. Such an allowance is supplemental to his regular compensation. Even if it be in the competency of the Legislature to specially fix the entire compensation of the sheriff of a particular county, for the reasons above suggested, we see no justification for special legislation with reference to that part of the sheriff's compensation which the county court is authorized to pay him for *ex-officio* services.

The decree of the chancellor is affirmed.