R. L. CAROTHERS, COMPLAINANT, APPELLANT, *v.* GILES COUNTY, DEFENDANT, APPELLEE.

(*Nashville,* December Term, 1930.)

Opinion filed April 4, 1931.

JONES & WAGSTAFF, for complainant, appellant.

David Rhea, for defendant, appellee.

Mr. Justice McKinney delivered the opinion of the Court.

The bill charges that complainant, upon his retirement as Trustee of Giles County, in 1928, made a final settlement of his accounts, under protest, in conformity with chapter 26, Acts of the First Extra Session of 1913, as amended by chapter 175, Acts of 1919; that said act is unconstitutional, and settlement should have been made as provided in section 72, Acts of 1907, which would have increased his compensation in the sum of $3,055.60; and he asks for a decree for that sum.

The chancellor dismissed the bill upon demurrer.

The Act of 1913 is a general enabling act authorizing counties to issue road bonds, collect taxes to pay interest, and create a sinking fund; and provides that "the County Trustee of any county issuing bonds under this Act shall collect and account for the said tax the same as any other taxes of said county, but shall receive a compensation for the collection of same as may be fixed by the County Court; *provided*, the compensation for same shall not exceed one per cent of the money so collected under said tax."

The county court fixed the compensation of complainant at one per cent of the taxes so collected, and he settled with the county upon that basis.

We find it unnecessary to consider the constitutionality of this act, since complainant could be given no relief if we should hold the act invalid. Complainant has erroneously assumed that if this act is invalid his compensation should be computed under section 72 of the

Acts of 1907. This latter act is a general revenue bill, its object being to provide funds by taxation to defray the ordinary expenses of operating the government of the State. The compensation of the trustee for collecting the taxes designated therein is provided for in section 72. This act contains no provision for the issuance of road bonds and the assessment and collection of taxes to pay same. These enabling acts, prior to 1913, were special, and in each the compensation of the trustee for collecting such special tax was fixed. That the Act of 1907 did not contemplate or provide compensation for collecting such special taxes is exemplified by the numerous enabling acts passed at that session of the legislature in which compensation for such services was specifically designated. For example, by chapter 189, Warren County was authorized to issue road bonds in the sum of $150,000 and to levy taxes to pay same. For collecting taxes to pay interest the trustee was to have the same compensation received for collecting and disbursing other funds; on taxes for sinking fund he was to receive one-half of one per cent. By chapter 218, Stewart County was authorized to issue road bonds in the sum of $50,000, and the compensation provided for the trustee was one-half of one per cent of the taxes collected. By chapter 321, Coffee County was authorized to issue road bonds in the sum of $150,000, and the compensation of the trustee was fixed at one per cent of the taxes collected.

In the passage of the Act of 1913, the legislature, realizing that the amount involved, the labor expended, and the expense incurred by the trustee were elements to be considered in fixing his compensation, did not deem it wise to name an arbitrary or fixed sum, but provided a maximum rate, and left it to the county court to de-

termine what would be just compensation, within the prescribed limits, in each case. As to whether this was an illegal delegation of power, as contended by complainant, we find it unnecessary to decide, for the reason that if it was complainant is not adversely affected thereby.

The bill is without equity, and the decree of the chancellor dismissing it is affirmed.