L. L. HARBERT, COUNTY JUDGE *et al. v.* E. E. MABRY, CIRCUIT COURT CLERK.

(*Jackson,* April Term, 1933.)

Opinion filed June 17, 1933.

P. M. HARBERT, for plaintiff in error.

W. H. SLOAN, for defendant in error.

MR. JUSTICE COOK delivered the opinion of the Court.

The petitioner, Circuit Court Clerk of Hardin County, sued under the Declaratory Judgments Law to have determined the validity of chapter 475, Acts of 1907, as amended by chapter 258, Private Acts of 1923, intended to regulate compensation of the Circuit Court Clerk of Hardin County. The original Act provided that:

"The circuit court clerks of the State in all counties . . . having a population of not less than 19,240 nor more than 19,250, according to the Federal Census of 1900, or any subsequent Federal Census, shall be paid the sum of One Thousand ($1000) Dollars per annum; provided the said clerk shall file annually on the first day of January an itemized statement . . . showing the amount of fees paid into their respective offices; and in all counties where the total amount of such fees fails to equal the salary above provided the difference . . . shall be paid by the county, upon a warrant drawn by the county judge, out of the county treasury."

By the amendatory Act of 1923, the salary was in-

creased to $1200 a year. The deficiency at the end of the twelve months period on January 1, 1931, is not shown. It appears, however, for the fifteen months preceding commencement of the suit the fees amounted to $650, leaving a deficiency of $1012.20. The county judge refused to issue his warrant for any part of the deficiency, insisting that the Act authorizing it was unconstitutional. The clerk brought this suit.

At a hearing upon petition and answer the trial judge held the Act valid. The county judge appealed and insists that this local law violates the equality and uniformity requirements of the Constitution, especially Article I, sec. 8, and Article XI, sec. 8.

The law was confined to Hardin County by reference to the Federal Census. In the Redistricting Cases, 111 Tenn., 234, 80 S. W., 750, it was said:

"It is a mistaken idea, all too prevalent, that because classification on the basis of population is sustainable in respect to legislation upon certain subjects, it may be appropriate for all purposes."

The court had in mind the rule that population must bear some reasonable relation to the subject of legislation, to justify reference to it for purposes of classification. In *State ex rel.* v. *Cummins,* 141 Tenn., 318, an Act limited to Shelby County by the population standard was held invalid, because arbitrary selection by use of the population standard or otherwise is inhibited by the constitutional provision that forbids partial or class relation. The Hardin County Act was localized by the narrow limit between 19,240 and 19,250 as a means of withdrawing the county and the circuit court clerk of the county from the general class so as to subject the taxpayers of the county to responsibility for the deficiency

between the fees coming to the office and the minimum salary of $1200 a year, and so as to favor the circuit court clerk of that county with the guaranteed salary of $1200 and all fees of the office in excess of the sum guaranteed. The population of Hardin County dropped from 19,245 in 1910 to 15,139 in 1930. The census for 1930 shows more than thirty counties with a population less than that of Hardin County in 1910. Many of them with population slightly more or less than Hardin County in 1930. The population of four of them range from 15,370 to 15,678, and the census report in 1930 showed the population of one county to be 19,722, another 19,868, and that of seven others range from 14,082 to 18,490.

While the population of Hardin County shifted between 1910 and 1930 so as to drop the county from the limits circumscribed by the original Act, under *Hall* v. *State,* 124 Tenn., 235, the law, if valid, did not shift, but remained in force notwithstanding the change of population.

■ The labor required to perform the duties of the circuit court clerk's office and the amount of fees inuring to the office are controlled by the character and extent of litigation and the business activity of the population rather than by the quantity of population. A law is partial and discriminatory that guarantees to an official $1200 a year and all fees in excess of the sum guaranteed in a county with a population ranging from 19,240 to 19,250, subsequently reduced to 15,139, to the exclusion of similar officials in fifteen or more counties with a population from 14,000 to 19,000.

We direct especial attention to the discriminatory feature of the Act that gives to the clerk a salary of $1200 a year and all fees of the office in excess of $1200 con-

trary to the general law, chapter 101, Acts of 1921. By that Act the salary of all circuit court clerks and all other county officials is derived exclusively from fees not to exceed the maximum fixed by the Act, coupled with a provision that the fees in excess of the maximum pay shall go to the county. It is apparent that the effect of the Act in question was to confer upon the circuit court clerk of Hardin County a right not assured by law to many others similarly situated and that it violates the rule applied in *Hickman* v. *Wright,* 141 Tenn., 412; *State* v. *Turnpike Co.,* 133 Tenn., 446; *State ex rel.* v. *Steward,* 147 Tenn., 375; *Peters* v. *O.'Brien,* 152 Tenn., 466; *Howe* v. *Hawkins County,* 159 Tenn., 651; *Shanks* v. *Hawkins County,* 160 Tenn., 148, and *Erwin* v. *Buckner,* 156 Tenn., 278.

Little can be added to what was said in those cases about the invalidity of private Acts designed to partially affect individuals and localities subject to the same burdens and entitled to the same benefits.

As to the insistence of petitioner rested upon statements in *Hunter* v. *Conner* and *Peters* v. *O'Brien,* we refer to *Roberts* v. *Roane County,* 160 Tenn., 109, where the court said:

"*Peters* v. *O'Brien,* referred to an intimation contained in the opinion of the court in *Hunter* v. *Conner,* that 'there may be a reason to justify a provision for fixed salaries in certain of the smaller counties of the State because the fees provided under the general law do not amount to enough to secure the services of a competent official.' But by this language the court could only have meant that the third class of counties created by the general act might be divided and a salary provided

for the officers in the smaller counties, by a reasonable, but not arbitrary, classification.''

Moreover, in *Hunter* v. *Conner,* 152 Tenn., 258, referring to private salary acts, the court said:

''Their validity cannot be brought into question in this proceeding. If they suspend a general rule for the benefit of a particular county they would be void.''

The rule requiring reasonable classification is not met by allowing varied salaries to be arbitrarily fixed by private Acts applicable to each of the thirty or more counties of the State having a population of 19,000 or less, all of which fall within the class alluded to in the above quotation from *Roberts* v. *Roane County.*

Because chapter 475, Acts of 1907, as amended by chapter 258, Private Acts of 1923, violates the rule against arbitrary selection for purposes of partial legislation, it is the duty of the court to declare the Act violative of Article I, section 8, and Article XI, section 8, of the Constitution. The Act is not only void by reason of the arbitrary classification but because it confers upon the clerk the right to collect from the county $1200 a year and in addition the sum of fees in excess of $1200, even though it might exceed the maximum allowed circuit court clerks under chapter 101, Acts of 1921. It discriminates in favor of the Circuit Court Clerk of Hardin County against all such clerks in other counties limited to maximum pay by the general law.

A decree will be entered reversing the judgment of the trial court and declaring the Act void, for the reasons stated in this opinion.