T. L. DREADEN *et al.*, COMPLAINANTS, APPELLANTS, *v.* E. H. HALLIBURTON *et al.*, DEFENDANTS, APPELLEES.

(*Nashville*, December Term, 1932.)

Opinion filed June 24, 1933.

Roy H. Barnes and W. W. Patterson, for complainants, appellants.

J. M. Spencer, W. S. Vinson and H. B. Stout, for defendants, appellees.

Mr. Justice Swiggart delivered the opinion of the Court.

The bill in this cause was filed by taxpayers of Houston County, to recover of E. H. Halliburton, county trustee, a commission of $1400 paid to him by the quarterly county court for his "ex officio services" in handling and disbursing a fund of $140,000, a part of the proceeds of a county bond issue.

Upon final hearing, the Chancellor ruled that the equities of the bill were fully met and denied by the answer, and were not sustained by the proof. He thereupon dismissed the bill. The complainants have appealed, and assign as error that the Chancellor erred in holding the trustee entitled to the commission in suit, and in dismissing the bill. The appeal was directly to

the Supreme Court, because of the constitutional question herein considered.

The bonds, from which the funds were realized, were issued and sold under the authority of Public Acts 1913 (First Extra Session), chapter 26, as amended by Public Acts 1919, chapter 175, a general enactment applicable to all counties of the State, and containing no provision authorizing the payment of compensation to county trustees for their services in handling the proceeds of bonds issued thereunder.

The provisions of section 6 of the amendatory Act of 1919 (chapter 175) authorize the county court to fix the compensation of the county trustees for collecting and accounting for taxes levied to pay such bonds, but do not authorize the payment of compensation for handling the money borrowed on the faith of the bonds. This section was considered by this Court in *Carothers* v. *Giles County,* 162 Tenn., 435, 492, 36 S. W. (2d), 882, 39 S. W. (2d), 584.

It is the general legislative policy of the State that county trustees shall receive and disburse the proceeds of county bonds without special compensation therefor. The general assessment Act of 1907, chapter 602, section 72 (Code, section 1621), fixing the compensation of county trustees, contains the provision that "the trustee shall not be entitled to any commission on money turned over to him by his predecessor in office or on money borrowed for the use of the county or received from proceeds of sale or sales of bonds."

Halliburton was paid the commission in suit under a resolution of the quarterly county court, adopted in October, 1929, directing that he be paid "1% on all money or funds paid out by him from the issue of $150,000 of

Houston County, issued in 1926, said 1% being for *ex officio* service of the said E. H. Halliburton, trustee." This resolution recited and ratified a similar action of the county court of November, 1927, entered on the minutes thus: "On motion the court to allow the trustee a 1% commission on all the bond issue funds paid out on the $150,000. Carried." Adoption of the 1929 resolution was made necessary by the fact that the then chairman of the county court refused to approve a warrant for the commission authorized in 1927.

The reference to "*ex officio*" services of the trustee, in the 1929 resolution, means obviously *ex officio* services rendered in the disbursement of the bond issue fund, and the wording of the resolution can mean nothing more than that the trustee was awarded compensation for his services in handling and paying out that fund. This, we think, was directly contrary to the provision of the general law of 1907, applicable to all county trustees alike, that the trustee shall not be entitled to any commission on "money borrowed for the use of the county or received from proceeds of sale or sales of bonds." The county court was without power to authorize the payment of the commission to Halliburton, in the face of this contrary provision, and its action was therefore illegal and void.

After the bill in this cause was filed, and before the final hearing in the chancery court, the legislature enacted Private Acts 1931, chapter 784, which purports to validate and ratify the action of the county court in voting compensation to the county trustee for services rendered in the collection and disbursement of the proceeds of county bonds, "in all counties having a population of not less than 5,550 and not more than 5,560."

The restricted application of this statute is such that it must be treated and enforced as if it had been made applicable alone to Houston County by name. The reference to population, with so narrow a margin, was an identification of Houston County, and was not a classification of counties. *State* v. *Turnpike Company,* 133 Tenn., 446, 452, 181 S. W., 682.

Complainants contend that this statute is unconstitutional and void, as contrary to Article 11, section 8, of the Constitution of Tennessee, which withholds from the legislature any power to suspend a general law for the benefit of an individual, or to enact laws for the benefit of individuals inconsistent with the general laws of the land, etc.

This contention of the complainants is, in our opinion, clearly correct and will be sustained.

By general laws, reasonably classifying the several counties of the State, the legislature has directed that county officers, including the trustee, shall be compensated by fees fixed by general enactments, subject to a maximum compensation fixed for each of the general classes of counties. We have repeatedly ruled that the constitution does not permit the enactment of special laws arbitrarily, and without basis for such discrimination, increasing or reducing the compensation of such officers in particular counties, inconsistently with the general laws. *State ex rel.* v. *Stewart,* 147 Tenn., 375, 247 S. W., 984; *Peters* v. *O'Brien,* 152 Tenn., 466, 278 S. W., 660; *Shanks* v. *Hawkins County,* 160 Tenn., 148, 22 S. W. (2d) 355; *Roberts* v. *Roane County,* 160 Tenn., 109, 23 S. W. (2d) 239; *Harbert* v. *Mabry* (decided June 17, 1933), 166 Tenn., ——, 61 S. W. (2d), 652.

The Act under consideration, expressly retroactive in

336

its application, could not have been enacted for any purpose other than that of relieving the trustee of Houston County from the application of the general law of 1907, which required him to disburse the proceeds of bond issues without commission. The application of the constitutional inhibition of Article 11, section 8, to this Act seems obvious and patent. It would be difficult to conceive of an act more directly designed to suspend a general law for the benefit of an individual.

We are therefore of opinion that the decree of the Chancellor dismissing the bill must be reversed, and a decree entered here awarding the complainants, for the use of Houston County, a recovery against Halliburton in the sum of $1400, the amount illegally paid him, with interest only from the date of the decree of this Court, and for the costs of the cause. No decree can be rendered either for or against the sureties on Halliburton's bond, made defendants to the original bill. They did not answer the bill, and no decree *pro confesso* was entered against them by the Chancellor.