STATE *ex rel.* BALES *et al. v.* HAMILTON COUNTY *et al.*

(*Knoxville*, September Term, 1935.)

Opinion filed June 15, 1936.

THOMPSON & BALLARD and COOKE, SWANEY & COOKE, all of Chattanooga, for complainants.

CARTER J. LYNCH and DAWSON HALL, both of Chattanooga, for defendants.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This suit was brought on the relation of certain teachers in the Hamilton county schools to compel the county authorities to compensate relators according to a salary scale embodied in chapter 620 of the Private Acts of 1935, as amended by chapter 82 of the Private Acts of the Extra Session of 1935. Hamilton county and certain county officials and school officials were named as defendants. Defendants filed a demurrer by which they challenged the validity of the acts named in several particulars. The chancellor overruled the demurrer and permitted an appeal.

The legislation attacked fixed minimum graduated salaries to be paid to the teachers in the Hamilton county schools. The demurrer, among other propositions, made the point that the two acts created an arbitrary dis-

crimination against Hamilton county and imposed a burden upon Hamilton county not common to other counties of the state in violation of section 8 of article 1 and section 8 of article 11 of the Constitution of Tennessee. We think this contention should have been upheld.

Chapter 115 of the Acts of 1925, as its title indicates, undertook "to establish and maintain a uniform system of Public Education." This statute and certain amendments thereto are contained in the Code, section 2306 et seq.

By section 2325 of the Code it is made the duty of every county board of education "to elect principal, supervisors, teachers, attendance officers, clerical assistants, and other employees authorized by this statute, and to fix salaries for such authorized positions according to the provisions of this statute."

By section 2340 of the code it is required that "All teachers must make a written contract with the county board of education at a fixed salary per month before entering upon their duties in any public elementary or high school."

By section 2325 (14) and section 2346 (2) of the Code, the county board of education is directed to embody teachers' salaries contracted into a budget to be submitted to the quarterly county court. That tribunal, if the budget is approved, levies an adequate tax to meet the same.

Under the general law, therefore, every other county of the state is authorized through its enumerated officials to choose its teachers, fix their salaries, and contract accordingly with such teachers. No reason is suggested to justify the denial of such rights to Hamilton

county—why Hamilton county's freedom of contract should be so abridged.

The argument in support of the acts involved is based solely on the proposition that they affect Hamilton county in its governmental capacity and that, such being the nature of the acts, they are valid, although special. We are referred to the Redistricting Cases, 111 Tenn., 234, 80 S. W., 750, and the line of decisions following that authority.

█ True, education is a governmental function. *Ballentine* v. *Mayor, etc., of Pulaski*, 83 Tenn. (15 Lea), 633; *Quinn* v. *Hester*, 135 Tenn., 373, 186 S. W., 459. And in the exercise of this function the county acts in a governmental capacity. A distinction is to be drawn, however, between legislation primarily designed to affect the governmental agency as such and legislation designed primarily to affect the employees or citizens of such governmental agency as individuals. *Peters* v. *O'Brien*, 152 Tenn., 466, 278 S. W., 660; *State* v. *Columbia, Godwin & Santa Fe Turnpike Co.*, 133 Tenn., 446, 181 S. W., 682. The line is sometimes difficult to draw, but decisions of this court have quite uniformly stricken down acts which were enacted for the sole purpose of fixing the compensation of officers of a particular county on a scale different from that provided by the general law for like offices in counties of the same class. *State* v. *Kerby*, 136 Tenn., 386, 189 S. W., 859; *State ex rel.* v. *Stewart*, 147 Tenn., 375, 247 S. W., 984; *Peters* v. *O'Brien*, 152 Tenn., 466, 278 S. W., 660; *Howe* v. *Hawkins County*, 159 Tenn., 651, 21 S. W. (2d), 395; *Shanks* v. *Hawkins County*, 160 Tenn., 148, 22 S. W. (2d) 355; *Harbert* v. *Mabry*, 166 Tenn., 290, 61 S. W. (2d), 652; *Prichard* v. *Dyer*

*County,* and *White* v. *Dyer County* (Jackson, 1936) [1].

■ ■ There could be no different test applied to a statute providing minimum compensation and a statute providing fixed compensation. If either is inconsistent with the general law regulating the compensation of county officials or employees, it is bad. The act before us requires Hamilton county to pay its teachers a minimum wage, regardless of the condition of the county's treasury. It deprives the county of the right to contract according to its ability, imposing a burden on Hamilton county placed on no other county in the state—all in conflict with the general school law—and the act must accordingly fall. These acts are not saved because Hamilton county is designed therein by reference to its population. Unless the act relates to a matter in respect of which a difference in population would furnish a rational basis for diversity of laws, classification on such a basis will not be upheld. *Darnell* v. *Shapard,* 156 Tenn., 544, 3 S. W. (2d), 661; *State* v. *Kerby,* 136 Tenn., 386, 189 S. W., 859; *State ex rel.* v. *Columbia, Godwin & Santa Fe Turnpike Co.,* 133 Tenn., 446, 181 S. W., 682.

The relators rely especially on *State ex rel. Bise* v. *Knox County,* 154 Tenn., 483, 290 S. W., 405, 50 A. L. R., 1158, and *Smiddy* v. *Memphis,* 140 Tenn., 97, 203 S. W., 512. The statute considered in the case first named provided a pension for Knox county teachers. The statute considered in the case last named provided increased pay for members of the Memphis Fire Department. It is sufficient to say of these cases that neither of the special acts therein dealt with ran counter to any general law of the state. Such is not the situation here. Under

[1] Not for publication.

the general law, by particular language, the counties of the state are made free to contract with their teachers as to compensation. Such is the general policy of the state, and it cannot be set aside as to one county unless such discrimination may be justified by some reason.

It results that the decree of the chancellor overruling the demurrer will be reversed. The demurrer is sustained upon the ground indicated, and the petition for *mandamus* will be dismissed.