KYLE *v.* COOLEY *et al.*

(*Knoxville*, September Term, 1936.)

Opinion filed November 21, 1936.

GROVER C. HARRIS, of Spring City, for complainants.

548

GEORGE H. WEST, of Dayton, for defendant.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This suit was filed September 6, 1934, against defendant Cooley, just elected circuit court clerk of Rhea county, and the county judge and the county trustee of said county. The bill averred that Cooley was proposing to collect monthly a salary provided for the circuit court clerk of Rhea county by a special act of the Legislature of 1931, and that the other county officials were proposing to pay said salary to Cooley out of the county's funds. It was charged that said act was unconstitutional and the bill sought an injunction to restrain Cooley from receiving such salary and the other county officials from paying the same to him. A demurrer to the bill was overruled, but the chancellor permitted an appeal.

The act involved, chapter 694 of the Private Acts of the General Assembly of 1931, provides a salary for the circuit court clerk of Rhea county in addition to the fees to which he is entitled under the general law. The act is in all respects similar to others that have been held bad in a number of late decisions of this court. One of the last of these cases is *Harbert* v. *Mabry*, 166 Tenn., 290, 61 S. W. (2d) 652. Previous decisions are referred to in the opinion in that case. *Dreaden* v. *Halliburton*, 166 Tenn., 331, 61 S. W. (2d), 670.

The principal argument in support of the demurrer is upon the proposition that the complainant is not entitled to maintain this suit. The constitutionality of the act is not discussed in appellant's brief.

The bill avers that the complainant is ''a citizen and

taxpayer of Rhea county, Tennessee, and as such, any unlawful appropriation and unauthorized diversion of the funds and money of Rhea county, Tennessee, which have been collected and raised by a legal tax levy of Rhea county, and which have become part of the general funds of Rhea county, would affect him, as a taxpayer of said county.''

We think this averment of the bill authorizes the suit of the complainant under previous decisions of this court.

In *Kennedy* v. *Montgomery County*, 98 Tenn., 165, 38 S. W., 1075, 1079, the county court was proposing to divert the surplus from a special levy to the general fund of the county. A suit by a taxpayer to prevent this diversion was sustained. The court, among other things, said:

''The taxpayers of every county have the right to know for what purpose they are being taxed, and also to know that taxes collected from them for any specific purpose are applied to such purpose, and not to some other, at the discretion of county officials, and according to their ideas of public policy or expediency. . . . When the people consent to be taxed for any purpose, they cannot complain; but when they are taxed for one purpose, and the fund applied to another, and when they are misled as to the purposes for which they are being taxed, they have a right not only to complain, but a remedy to redress the grievance, if they apply to the courts in the proper way, and at the proper time.''

In *Pope* v. *Dykes*, 116 Tenn., 230, 93 S. W., 85, 88, the road commissioners of Marion county were proposing to divert the road fund to the construction of a road not authorized by the statute which prescribed for what

roads the money should be spent. A bill to prevent this diversion was sustained by the court. The court distinguished *Patton* v. *Chattanooga*, 108 Tenn., 197, 223, 65 S. W. 414, and that line of cases and said:

"But the case made in the present bill is altogether different. It is alleged herein that defendants are acting outside the authority conferred upon them by the act of 1903, in that they are diverting public funds to the building of a road not authorized by the act, which will result in irreparable injury to the county and taxpayers. The effect of the misappropriation of these funds would of course be the imposition of additional tax burdens upon the complainants. We are therefore of opinion that complainants are entitled to maintain this bill to the extent that it seeks to enjoin the building of the mountain road which is not authorized by the act of 1903."

In *Reams* v. *Board of Mayor and Aldermen of City of McMinnville*, 155 Tenn., 222, 291 S. W., 1067, 1068, the Court said:

"The right of taxpayers to resort to a court of equity to enjoin county and municipal authorities from transcending their lawful powers, or violating their legal obligations, is conceded by all the authorities if such conduct would impose a burden of taxation, for the imposition of such burden upon taxpayers is not common to citizens who pay no taxes. [Citing authorities.] The taxpayer may maintain the suit to restrain action by the municipal authorities only when they are acting illegally, and when the effect of their illegal action will impose an additional burden of taxation."

Complainant's right, therefore, to maintain this bill seems well established. He alleges that the county au-

thorities purpose to divert general funds of the county to an unlawful purpose, which will impose an additional burden of taxation upon him, and he describes himself as a taxpayer of the county. It has not been thought necessary in previous cases for the taxpayer, suing under circumstances such as here appear, to set out the particular property he owns and the specific amount of taxes he pays.

The second point of the demurrer, pressed in this court, is that it was incumbent upon the complainant, before bringing this suit, to make a demand of the county authorities that the county institute such suit. This contention seems based upon a misapprehension of the nature of the action. The complainant is not here suing on behalf of the county but suing for his individual protection. True, he invites other taxpayers to join him, but the suit is his own, not the county's.

Some other points are made by the demurrer which we have considered but do not deem well taken.

The chancellor properly overruled the demurrer and his decree is affirmed.