HENDERSON COUNTY *et al. v.* WALLACE, CIRCUIT COURT
CLERK.

(*Jackson,* April Term, 1938.)

Opinion filed May 28, 1938.

ELMER L. STEWART, of Lexington, for plaintiff in error.

W. H. DENISON and WINFRED LANCASTER, both of Lexington, for defendant in error.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

By this proceeding A. R. Wallace, Circuit Court Clerk of Henderson County, under authority of chapter 63, Public Acts 1937, seeks to have his compensation increased beyond that provided by the general salary statutes, sections 10725-10748.1 of the Code.

The county challenged the constitutionality of said act, but the trial court adjudged it valid, and under the evidence fixed the clerk's salary at $1800 per annum. Un-

der the general salary law the fees of this office average between six and seven hundred dollars per annum.

The involved act is an amendment to section 10743 of the Code, which section provides:

"In case the fees, etc., collected by such officer do not amount to a sum sufficient to pay the expenses of the office as herein provided, together with the salary or salaries of such deputy or deputies and clerks, as may be allowed said office, and also the salary of said officer as provided, then the said officer shall not receive the salary as herein provided, but shall be entitled to the fees collected in said office."

Said chapter 63 is as follows:

"An Act entitled An Act to amend Section 10743 of the Code of Tennessee, 1932, said section being a codification of Chapter 101 of the Acts of the General Assembly of 1921, Section 17 thereof.

"Be it enacted by the General Assembly of the State of Tennessee, That Section 10743 of the Code of Tennessee, 1932 Edition, be and the same is hereby amended by adding at the conclusion of said section, the following:

"Provided, that when the fees, etc., of such offices, or either of them, or any of them, shall be such as not to provide an adequate and sufficient compensation for a capable and efficient officer, devoting all his time to such office, then, by legislative enactment, such officer or officers compensation may be supplemented, in addition to such fees, by a sum not exceeding $1,800.00 per annum, such supplemental compensation to be paid out of the general fund of the county.

"Provided further, that in no event is such supplemental compensation in addition to such fees to exceed

the salary of such office or official as fixed and provided by Section 10727 of the Code of Tennessee of 1932.

"Provided, that when the fees of office do not amount to as much as the maximum salary provided for such office, and where no private legislation supplementing such salary or salaries is in force and effect or where such legislation provides inadequate compensation, then any officer falling within the provisions hereof may by petition apply to the Chancery or Circuit Court of his county and such Chancery or Circuit Circuit shall have the power and authority, upon good cause shown, by such petitioner, to adjudge the payment to such officer of a supplement to the fees of office of such officer, such supplement not to exceed Eighteen Hundred ($1,800) Dollars per annum in the case of any officer.

"Be it further enacted, That said Act take effect from and after its passage, the public welfare requiring it."

It will be observed that by the first proviso the legislature empowers itself to supplement the salary of individual county officers when it deems the salary or compensation provided by the general salary law inadequate. That is exactly what this court has held repeatedly the constitution of the state prohibits. *Harbert* v. *Mabry,* 166 Tenn., 290, 61 S. W. (2d), 652; *Roberts* v. *Roane County,* 160 Tenn., 109, 23 S. W. (2d), 239; *Shanks* v. *Hawkins County,* 160 Tenn., 148, 22 S. W. (2d), 355; *Howe* v. *Hawkins County,* 159 Tenn., 651, 21 S. W. (2d), 395; *Hunter* v. *State,* 158 Tenn., 63, 12 S. W. (2d), 361, 61 A. L. R., 1148; *State for Use of Obion County* v. *Bond,* 157 Tenn., 326, 8 S. W. (2d), 367; *Jellicorse* v. *Russell,* 156 Tenn., 411, 1 S. W. (2d), 1011; *Hunter* v. *Conner,* 152 Tenn., 258, 277 S. W., 71; *Peters* v. *O'Brien,* 152 Tenn., 466, 278 S. W., 660.

 The second proviso of the involved act authorizes the chancery or circuit court to supplement the compensation of the various county officials in a sum not exceeding $1800 per annum.

In *Hunter* v. *Conner, supra,* the court had under consideration the validity of the Salary Act of 1921. With regard to its general purpose and scope, the court said (152 Tenn., 272):

"Chapter 101, Acts of 1921, is a general law in the sense that it applies to the entire state, all the counties of which are classified upon the population basis for the purpose of regulating the compensation of officers coming within the class. Allowance is made for increased responsibility and service attendant upon officers in the larger counties, by an increased maximum salary, and by a provision for official assistance to be paid from the proceeds of fees collected by the office. The salary is graduated according to the population, which is a fair index of official duty and responsibility. As between counties, the classification is not capricious or arbitrary, the act imposes no burden upon any county, nor does it confer any privilege or benefit upon any county that may not be equally enjoyed by all counties naturally falling within the class."

One of the contentions in that case was that the act violated article 11, section 9, of the Constitution, which provides:

"The Legislature shall have the right to vest such powers in the courts of justice, with regard to private and local affairs as may be expedient."

In disposing of that question the court said:

"As to the delegation of authority to fix the salary of clerks of special courts referred to in the last paragraph

of section 4 of the act under review, in our opinion the Legislature could not delegate the power to fix the salary of a county officer or of a regular clerk of any of the courts; hence this provision is invalid.''

The constitution, as quoted above, provides that the Legislature shall have the right ''to vest such powers in the courts of justice, with regard to private and local affairs, as may be expedient.'' This means that such powers may be vested in the governing bodies of the county, which is the county court, or a board of commissioners with substantially all of the statutory powers and functions of the quarterly county court. *Wright* v. *Cunningham,* 115 Tenn., 445, 91 S. W., 293; *Prescott* v. *Duncan,* 126 Tenn., 106, 148 S. W., 229. Under the foregoing provision of the constitution the Legislature has the right to vest in the county court the power in regard to taxation and roads. *Prescott* v. *Duncan, supra; Grant* v. *Lindsay,* 58 Tenn. (11 Heisk.), 651. But we have been referred to no authority in support of the contention that legislative functions, even with respect to private and local matters, can be vested in the circuit or chancery court, and, in our opinion, the constitution prohibits the delegation of such power.

In *Carothers* v. *Giles County,* 162 Tenn., 435, 36 S. W. (2d), 882; Id., 162 Tenn., 492, 39 S. W. (2d), 584, the involved act authorized the county court to fix the compensation of the county trustee for special services rendered in collecting the sinking fund tax with which to retire county road bonds. This was a purely local matter delegated to the county court, the governing body of the county.

The county is but an arm or instrumentality of the State and as such agency is controlled by it. *Hill* v.

*Roberts,* 142 Tenn., 215, 217 S. W., 826. It necessarily follows that the power to fix the compensation for such instrumentalities or agencies is vested in the Legislature. And the compensation of such officers may be changed, modified, or reduced by the Legislature during the term, unless forbidden by the constitution. *Hunter* v. *Conner, supra; Haynes* v. *State,* 22 Tenn. (3 Humph.), 480, 39 Am. Dec., 187.

■ Upon the foregoing authorities we are constrained to hold chapter 63 of the 1937 Acts unconstitutional. To hold it valid would, in effect, emasculate the general salary law, and confer upon the circuit and chancery courts the duty of determining the amount of compensation to be received by the clerks, clerks and masters, trustees, registers, and sheriffs over the State, with the exception of such officials in some of the larger counties whose fees exceed the specified salaries.

It follow that the judgment of the trial court must be reversed and the suit dismissed.