SOMERVILLE *et al. v.* McCORMICK *et al.*

(*Jackson,* April Term, 1945.)

Opinion filed May 5, 1945.

W. W. BOND, of Brownsville, and CHARLES W. ANDERSON JR., of Stanton, for appellee, complainant below.

WILLIAM C. TIPTON, of Covington, for appellant, defendant below.

MR. JUSTICE GAILOR delivered the opinion of the Court.

This appeal is by the defendant below from the action of the chancellor, declaring unconstitutional Chapter 59 of the Private Acts of 1939, which undertook to fix the compensation of the circuit court clerk in Tipton

County in manner and amount different from that prescribed by the Anti-Fee Bill, Code sec. 10725. The constitutionality of the act was assailed in an original bill filed by B. A. Somerville and other taxpayers against J. W. McCormick, circuit court clerk elect. In terms, the act applies to those counties of the State having a population of not less than 27,350, nor more than 27,600 by the Federal Census of 1930, or any subsequent federal census. It is admitted that at the present time the act would apply only to Tipton County, which had a population of 27,498 under Federal Census of 1930. Under the provisions of the act, the circuit court clerk would pay into the county treasury all fees collected, and his compensation would be a fixed salary of $1,800 a year paid out of general county funds whether fees collected aggregated that amount or not. Clearly the act affects the circuit court clerk as an individual and not the county in its governmental capacity, *Peters* v. *O'Brien*, 152 Tenn. 466, 278 S. W. 660.

Appellant concedes that this Court has struck down many other private acts seeking to give special benefits and fixed compensation to officers in single counties of the third or smallest class as defined in the Anti-Fee Bill, Code, sec. 10725; *Tipton County* v. *Scott*, 177 Tenn. 507, 151 S. W. (2d) 167.; *Harbert* v. *Mabry*, 166 Tenn. 290, 61 S. W. (2d) 652; *Dreaden* v. *Halliburton*, 166 Tenn. 331, 61 S. W. (2d) 670; *Shanks* v. *Hawkins County*, 160 Tenn. 148, 22 S. W. (2d) 355; *Berry* v. *Hayes*, 160 Tenn. 577, 28 S. W. (2d) 50; *Roberts* v. *Roane County*, 160 Tenn. 109, 23 S. W. (2d) 239; *Howe* v. *Hawkins County*, 159 Tenn. 651, 21 S. W. (2d) 395; *Peters* v. *O'Brien*, 152 Tenn. 466, 278 S. W. 660, but to sustain the present act as constitutional appellant argues: "The act under consideration in this case differs from those

involved in the former cases, in that it does not attempt to guarantee or supplement the salary of an official without limitation, *nor does it grant to an official some special perquisite not given to all such officials,* but simply transfers the fees of the office to the county treasury and places the official on a straight salary.'' (Italics ours.)

So far as the application of constitutional limitations is concerned, we can see no material distinction in an act which provides that the officer surrender the fees of his office to the county treasury and receive a fixed salary of $1,800 per year, and one which provides that in addition to the fees he shall receive $3,600 so long as the total does not exceed $5,000. The latter was the provision for the compensation of the sheriff of Tipton County made by Chapter 416, Private Acts of 1939, which was disapproved by this Court in *Tipton County* v. *Scott,* 177 Tenn. 507, 151 S. W. (2d) 167. Both Acts are invalid because they confer special benefits on particular individuals by attempted exception to the general law and in violation of section 8 of Article XI of the Constitution, and both of them impose extraordinary burdens upon taxpayers of Tipton County, contrary to section 8 of Article I of the Constitution.

■ Appellant says further with reference to the private act under review, ''nor does it grant to an official some special perquisite not given to all *such officials,* but simply transfers the fees of the office to the county treasury and places the official on a straight salary.'' (Italics ours.)

· Under the general law, the circuit court clerk of Tipton County has for his compensation, as he knew when he sought election to the office, the fees of his office up to $5,000 per annum. This provision is common to all circuit court clerks of counties with less than 100,000

population, Code, secs. 10726, 10727, as amended by Pub. Acts 1935, chap. 118.

According to the stipulation of facts, the fees of the clerk's office now amount to $37.50 per month or $450 per year. With this amount the clerk must, under the general law, pay the expenses of his office and he may retain the surplus as compensation. It is not debatable, we think, that the substition of a fixed and certain salary of $1,800 per annum is a special "perquisite not given to all such officials," whether "such officials" be taken to mean other officers of Tipton County serving under the "Anti-Fee Bill," Code, sec. 10725 et seq., as amended, or circuit court clerks of other counties falling within the third class under that act.

 There must be some good, valid and legal reason to support any class legislation. *Stratton Claimants* v. *Morris Claimants,* 89 Tenn. 497, 509, 15 S. W. 87, 12 L. R. A. 70; *Sutton* v. *State,* 96 Tenn. 696, 709, 36 S. W. 697, 33 L. R. A. 589; *Henley* v. *State,* 98 Tenn. 665, 746, 41 S. W. 352, 1104, 39 L. R. A. 126 (dis. op.).

The reason which this Court has approved to support the class legislation of the Anti-Fee Bill, Code, sec. 10725 et seq., is that the burden of service and responsibility increases with the population of the counties (*Hunter* v. *Conner,* 152 Tenn. 258, 277 S. W. 71) and that therefore division of counties and the compensation of certain county officers into three classes: (1) over 200,000; (2) between 100,000 and 200,000; (3) less than 100,000, is a reasonable classification. It is not reasonable to assume that the duties of circuit court clerk in Tipton County with a population of 27,498, are more onerous than the duties of clerks in counties with a population between 27,600 and 100,000 (which have the same compensation as Tipton County officers under Code, sec.

10726, as amended); and on the other hand, there is nothing in this record to show that the fees of the circuit court clerk's office in Tipton County are not as great or greater than such fees in the offices of clerks in counties of the State having a smaller population than Tipton County. So it appears to us that the private act clearly confers upon a particular individual (the circuit court clerk of Tipton County) benefits not enjoyed by others in "like situation and circumstances," contrary to general law. *Stratton Claimants* v. *Morris Claimants, supra* [89 Tenn. 497, 15 S. W. 92].

 The appellant urges that Tipton County is such a county as was in contemplation when the following expression was used in the course of the opinion of *Peters* v. *O'Brien, supra*: ". . . there may be a reason to justify a provision for fixed salaries in certain of the smaller counties of the state because the fees provided under the general law do not amount to enough to secure the services of a competent official." 152 Tenn. at page 469, 278 S. W. at page 660.

In a subsequent opinion, this Court has limited the application of this statement in *Peters* v. *O'Brien,* as follows: "But by this language the court could only have meant that the *third class* of counties created by the general act *might be divided* and a salary provided for the officers in the smaller counties, by a reasonable, but not arbitrary, classification." *Roberts* v. *Roane County,* 160 Tenn. 109, 120, 121, 23 S. W. (2d) 239, 242. (Emphasis ours.)

The act under attack applies only to Tipton County. It was clearly not an amendment to the Anti-Fee Bill, and not an attempt by the legislature to further sub-divide the third class of counties, which in the opinion of

*Roberts* v. *Roane County, supra,* was held to be as far as the legislature could legitimately go.

The third class of counties under the Anti-Fee Bill is comprised of those counties with populations of less than 100,000. Clearly, the selection by the legislature from counties under 100,000, of the only county in the State with a population between 27,350 and 27,600, is not a reasonable subdivision of the third class of counties in the general act. Indeed appellant does not seriously insist that such a subdivision was the purpose of the legislation. He insists only that since the small volume of litigation in Tipton County has made the fees of the office of circuit court clerk very small, that under the statement quoted from *Peters* v. *O'Brien, supra,* it was legal and constitutional for the legislature to fix the compensation of the circuit court clerk of Tipton County by special private act applying to that officer only.

From a careful reading of the two opinions of *Hunter* v. *Conner, supra,* and *Peters* v. *O'Brien, supra,* it will be seen that the statement quoted from *Peters* v. *O'Brien* arose from an *intimation* in *Hunter* v. *Conner,* that acts of the legislature fixing compensation of county officials in *single* counties might be preserved in certain cases, but the real reason these private acts escaped annulment is given in the following quotation from the opinion: "The other acts, which it is insisted must be construed in connection with this, are not before us for review. *Their validity cannot be brought in question in this proceeding.* If they suspend a general law for the benefit of a particular county, they would be void, and could not operate to destroy the uniformity of the act before us." 152 Tenn. at page 277, 277 S. W. at page 76. (Emphasis ours.)

Of Tipton County, appellant says, "while a small county, it is by no means the smallest in the State and might be aptly termed one of the larger small counties," and this Court judicially knows that it is a county of average resources, commerce and wealth. The writer of the opinion in *Peters* v. *O'Brien, supra,* later wrote the opinion in *Shanks* v. *Hawkins County, supra,* where in striking down a private act fixing special compensation for the Sheriff of Hawkins County, the same writer said:

"It was intimated, although not decided, in *Hunter* v. *Conner,* 152 Tenn. 258, 277 S. W. 71, and *Peters* v. *O'Brien, supra,* that such special provisions with reference to compensation of officials of the smaller counties of the state might be justified if the fees provided under the general law did not amount to enough to secure the services of a competent officer.

"Hawkins county, however, is a county of average population, business, and resources." *Shanks* v. *Hawkins County,* 160 Tenn. 148, 150, 151, 22 S. W. (2d) 355, 356.

There is nothing in this record to show that Tipton County is not also "as one of the larger small counties," "a county of average population, business and resources."

Finally, it is insisted that by our decision in the case of *Tenpenny* v. *Cannon County,* 180 Tenn. 618, 177 S. W. (2d) 817, the Court has reversed *Tipton County* v. *Scott,* 177 Tenn. 507, 151 S. W. (2d) 167, and cases cited, *supra,* and so justified "a re-examination of the entire question" of the constitutionality of these private acts amending the Anti-Fee Bill. We think the decision of *Tenpenny* v. *Cannon County, supra,* as is evident from a casual reading of the opinion, is no authority for such a

proposition. There we were dealing with a private act which fixed the compensation of the office of tax assessor in Cannon County. There is no general law fixing the compensation of tax assessors throughout the State. The office of tax assessor is not created by the Constitution but by Chapter 602 of the Public Acts of 1907, where the Legislature expressly provides in the alternative that the quarterly county courts of the respective counties may fix the salary of tax assessors unless the salary is fixed by private legislative act. In the present case, we are dealing with a private act which undertakes to fix the salary of the circuit court clerk in Tipton County, only, in derogation of the general law, Code Sec. 10725 et seq. Clearly the decision in *Tenpenny* v. *Cannon County, supra,* is no authority for the question presented here.

We think the chancellor was clearly correct in holding that Chapter 59 of the Private Acts of 1939, violated section 8 of Article XI of the Constitution in that it conferred special benefits on an individual, the circuit court clerk, and further violated section 8 of Article I in that it imposed extraordinary burdens on complainant and other taxpayers of Tipton County.

We admit our sympathy with the appellant, who is absent from the clerk's office on active service with the armed forces of his country, and with his solicitor, who by appointment of the chancellor has, as a matter of professional duty ably represented his absent client, but it is our judicial duty to enforce the law impartially as written, and we may not render decisions to fit the occasion, *Ridout* v. *State,* 161 Tenn. 248, 273, 30 S. W. (2d) 255, 71 A. L. R. 830.

The assignments of error are overruled and the decree of the chancellor affirmed at appellant's cost.