ALVIN SHIPP, TRUSTEE, *v.* WILL CUMMINGS, COUNTY
JUDGE, *et al.*

(*Nashville.* December Term, 1928.)

Opinion filed, March 18, 1929.

SHEPHERD, CARDEN & CURRY, for appellee.

W. F. CHAMLEE, B. E. TATUM and J. W. ANDERSON, for appellant.

MR. JUSTICE COOK delivered the opinion of the Court.

The bill was filed by the County Trustee seeking a declaratory judgment as to the validity of chapter 15, Acts of 1927, amending chapter 602, Acts of 1907. At a hearing upon the bill and answer, the chancellor declared the Act unconstitutional and the Attorney General appealed.

(1) By section 48 of the Act of 1907, all direct taxes are payable the first Monday of October and become delinquent the first day of March each year after the assessment. Upon delinquency, interest and penalties accrued materially increasing the obligation of the delinquent tax payer, and after the expiration of thirty days his personal property could be subjected to sale for taxes as upon judgment and execution. See chapter 77, Acts of 1923.

By the amendatory Act of 1927, the date of delinquency was extended from March 1 to May 1 in all of the counties of the state, including Hamilton County, excepting only Davidson and eleven other counties. These counties were excepted by reference to the Federal census.

It is insisted on behalf of the complainant that the Act of 1927 does not fall within the exception of the rules forbidding class legislation, such as that which relates to the counties in their governmental and political capacity as defined in *State* v. *Knox County,* 154 Tenn., 483, nor is it reasonable classification such as would avoid the rule applied in *State* v. *Trotter,* 153 Tenn., 30. On the contrary it is said that the amendatory Act suspends the general law for the benefit of tax payers within favored counties and grants to them immunities to the exclusion of tax payers in the other class of counties.

*(2)* The collection of taxes is a governmental function, but forbearance in collecting them, or the extension of time for payment of taxes, directly affects citizens and tax payers in their personal and private rights. One class of citizens cannot be favored to the exclusion of others of the same class and in the same situation.

By reference to chapter 77, Acts of 1923, it may be observed that two months before the taxes in the counties excluded by this amendatory Act becomes delinquent, penalties, interest, and costs may be exacted from all tax payers within the counties excluded from the benefits of the Act, and their personal property becomes subject to execution for both state and county taxes. We find no sound basis for the discrimination. *Malone* v. *Williams,* 118 Tenn., 390.

Article II, section 28, of the Constitution, among other things, provides: "All property shall be taxed according

to its value, that value to be ascertained in such manner as the legislature shall direct, so that taxes shall be equal and uniform throughout the State.''

*(3)* Uniformity of taxation refers not only to a uniform valuation and rate but also to uniformity in dates of maturity and the time when interest, penalties and costs may be imposed upon the tax payer. After March 1 the penalty annexed to taxes in the excluded counties becomes a part of the revenue exacted and tax payers there must pay it, while citizens in the favored counties are subjected to neither penalties nor interest. We find no error in the decree of the chancellor and direct an affirmance subject to an additional declaration.

*(4)* Relying upon the provisions of chapter 15, Acts of 1927, tax payers in more than eighty counties of the state have probably postponed payment of their taxes, intending, however, to pay them before the period of delinquency fixed in the amendatory Act. To authorize the imposition of penalties on March 1 would impose burdens on the tax payers in these counties which they could not reasonably expect or anticipate. The delayed payment of taxes in most instances would be the result of the Act under which they had a right to reasonably expect that they would not be charged with the additional burdens until the date of maturity therein fixed. Under such circumstances, we are of the opinion that the statutory penalties and interest should not be added to the taxes, which we are constrained to hold become due March 1, as provided in chapter 602, Acts of 1907, and chapter 77, Acts of 1923.

In addition to the declaration that chapter 15, Acts of 1927, is void for the reasons herein stated, the court makes the additional declaration, on authority of *Brew-*

*ing Co.* v. *Currier,* 126 Tenn., 535, that the statutory penalties, interest and costs should not be added in the several counties wherein the burden 'of delinquency was postponed by chapter 15, Acts of 1927, until May 1.