CITY OF NASHVILLE, etc., Appellee,

*v.*

CATHERINE MARLIN et al., Appellants.

390 S.W.2d 457.

(*Nashville,* December Term, 1964.)

Opinion filed April 7, 1965.

Petition for Rehearing Denied May 7, 1965.

HARRIS GILBERT, ELKIN GARFINKLE, Nashville, for appellants.

SEYMOUR SAMUELS, JR., Deputy Director of Law, Nashville, for appellee.

MR. JUSTICE CHATTIN delivered the opinion of the Court.

The original bill in this cause was filed on December 28, 1961, by the City of Nashville against twenty-five defendants, owners of certain parcels of land shown by an exhibit to the bill, to perfect liens and collect taxes due the City for the year 1956.

A. J. Matthews, appellant here, was a defendant to that suit. On December 12, 1962, he filed a petition in the suit in which he alleged City taxes on his property were unpaid for the years 1947 through 1956; and that the City had filed suit annually to collect taxes upon his property and none of the suits had proceeded to a sale of his property. He further alleged all of said suits, except the one for the collection of the 1947 taxes, were brought in violation of T.C.A. Section 67-2011, which provides:

"Where suits are pending against any particular tract of land or lot for the collection of delinquent taxes under secs. 67-2003 and 67-2010—67-2012, no subsequent suits for collection of taxes shall be filed against such tract of land or lot against which proceedings are pending until such time as all prior proceedings against such tract of land or lot shall have proceeded to a sale thereof for the purpose of enforcing the lien of such delinquent taxes.

"Provided, also, any municipality or county of the state may exempt itself from the provision of this section either in its entirety or in part by proper resolution or ordinance."

In its answer, the City admitted the facts alleged in the petition and averred it had at the proper time passed a resolution exempting itself from the provisions of the

statute as provided in the last paragraph of the above section.

By stipulation of Counsel, the petition of petitioner was consolidated with the suits of the City to enforce tax liens against the property for the years 1947 through 1956.

Petitioner filed a motion to dispose of his petition on the petition and answer.

The Chancellor filed a memorandum opinion in which he found T.C.A. Section 67-2011 and the other sections in Chapter 20, of Title 67 of T.C.A., relate to the procedure to be followed by County Trustees in the enforcement of state, county and municipal tax liens by suits in the county where the property is situated.

He further found the suits by the City involved in this litigation were filed under Article 17 of its charter, Chapter 246 of the Private Acts of the General Assembly for 1947.

Accordingly, he found T.C.A. Section 67-2011 was not applicable to the instant case, and did not affect the City's right to enforce the payment of the taxes in these proceedings. The petition was dismissed.

Petitioner has appealed to this Court and has assigned three assignments of error.

By his first assignment, he complains of the action of the Chancellor in holding Section 67-2011 was not applicable.

In support of his assignment, it is argued in behalf of petitioner that T.C.A. Section 67-2011 prohibits the filing of subsequent suits for the collection of taxes against

property where prior suits are still pending against the same property. He cites and relies on the case of *State v. Bone,* 185 Tenn. 778, 203 S.W.2d 362 (1947); for his insistence T.C.A. Section 67-2011 applies to all tax suits whether by county or a municipality.

■ But we cannot agree. The facts in the Bone case are the City of Knoxville, between December 1936 and October 1938, filed four bills against taxpayers for the collection of city taxes delinquent for the years 1933 and 1934. The suits were not prosecuted to judgments. In October 1946, a defendant taxpayer moved to dismiss the suits as to her property. The Chancellor dismissed the suits upon authority of Section 1591 and 1591.1 of Williams' Code, now T.C.A. Section 67-2011. The City appealed.

This Court affirmed the decree of the Chancellor dismissing the suits but pointed out the City might have exempted itself from the provisions of the sections of the code by an appropriate ordinance provided by Williams' Code Section 1591.1 (now T.C.A. 67-2011). In other words, there was no showing in the Bone case, as here, that the City had by appropriate resolution exempted itself from the provisions of the Act. Furthermore, T.C.A. Section 67-2011 specifically states it only applies to delinquent tax suits filed under Title 67, Chapter 20, Section 2003 et seq., of T.C.A. As stated, the present suits were filed under authority of the charter of the City of Nashville.

■ By his second assignment, petitioner challenges the action of the Chancellor in failing to hold the proviso in T.C.A. Section 67-2011 permitting municipalities and counties to exempt themselves from the operation of the Act is void.

It is insisted the Chancellor's construction of T.C.A. Section 67-2011 violates the due process clause, Section 8 of Article 1, of our constitution.

We cannot agree to this argument. T.C.A. Section 67-2011 is a general law and affects all municipalities and counties in their governmental capacity. Any municipality or county in the state may avail itself of the exemption. There is no restriction placed upon the right of any county or town in the state to invoke the exemption. Petitioner does not question the right of the City to file tax suits independently of Title 67, Chapter 20 of T.C.A.

It is next argued the construction placed on the section is in violation of Section 8 of Article 11 of our constitution, which guarantees equal protection of the law to all the citizens of the state.

While Article 11, Section 8, of the constitution applies to statutes affecting counties in their governmental capacities, *Wilson v. Beeler*, 193 Tenn. 213, 245 S.W.2d 620 (1950); yet the section under consideration does not suspend the general law or grant immunities and exemptions to a portion of the municipalities and counties of the state. To the contrary, as stated, all the counties and cities of the state have the right to invoke this section. The mere fact that Nashville exercised that right and some other city or cities may have not done so does not make the construction of the Act placed upon it by the Chancellor unconstitutional. Such construction does not grant rights, privileges, immunities or exemptions to a portion of the municipalities and counties of the state.

Finally, it is insisted the construction placed on the section by the Chancellor contravenes Article 2, Section

28, of the constitution of this state requiring uniformity and equality of taxation throughout the state.

To support this insistence it is argued there can be no justification for exempting municipalities which institute their own tax suits and include municipalities which bring suits through the county trustees.

As we have pointed out hereinabove, the proviso applies to "any municipality or county of the state." Thus, it does not contravene or suspend the general law for the enforcement of tax liens for the benefit of the City of Nashville.

In *Shipp v. Cummings*, 158 Tenn. 526, 14 S.W.2d 747, (1928), relied on by complainant, the statute involved extended the date taxes would become delinquent in all counties of the state for two months except twelve named therein. Thus, the taxpayers in eighty-three counties of the state were granted a two months extension for paying taxes in contravention of the general law mandatorily applicable to all other counties.

It was said in *Shipp v. Cummings*, supra:

"The collection of taxes is a governmental function, but forbearance in collecting them, or the extension of time for payment of taxes, directly affect citizens and taxpayers in their personal and private rights. One class of citizens cannot be favored to the exclusion of others of the same class and in the same situation."

The provision of T.C.A. Section 67-2011 we have under consideration does not favor any county or municipality to the "exclusion of others of the same class and in the same situation." Each county and municipality of the

state has the same right as did the City of Nashville to invoke the exemption.

Petitioner's third assignment challenges the action of the Chancellor in dismissing his petition. What we have said with respect to the other assignments necessarily disposes of this assignment.

It results the assignments of error are overruled and the decree of the Chancellor is affirmed.

### On Petition to Rehear

Counsel for appellant, A. J. Matthews, has filed an earnest and courteous petition to rehear. It is earnestly insisted, should our original opinion be allowed to stand, it is authority for the proposition the legislature may delegate to a municipality legislative authority by authorizing it to exempt itself from a general law.

But we disagree. We stated in our original opinion no question was made as to the right of a municipality to file tax suits independently of Title 67, Chapter 20 of T.C.A. Nor was the finding of the Chancellor the suits were filed under authority of Article 17 of its charter, Chapter 246, Private Acts of the General Assembly for 1947 questioned.

We think appellant must concede that Title 67, Chapter 20 of T.C.A., does not mandatorily require a municipality to file tax suits through the county trustee. Thus, the City had the right to exempt itself from the provisions of Title 67, Chapter 20 of T.C.A., and file the suits under the provisions of its charter.

In other words, the City had the right to file the tax suits under the provisions of Title 67, Chapter 20 of T.C.A., or under the authority of its charter. Indeed, it

had the option of filing the suits under authority of Title 6, Chapter 7 of T.C.A., which authorizes a municipality to sue for taxes in the chancery court of the county in which it is located.

In the case at bar, the City elected to file the suits under authority of its charter and thus avoid the provisions of Title 67, Chapter 20 of T.C.A. We pointed out in our original opinion, T.C.A. Section 67-2011 specifically states it only applies to tax suits filed under Title 67, Chapter 20 of T.C.A.

However, appellant insists the case of *Hobbs v. Lawrence County*, 193 Tenn. 608, 247 S.W.2d 73 (1951) is authority for his position which we are considering.

In that case, Hobbs, Clerk and Master of the Chancery Court of Lawrence County, sought a declaratory judgment as to the constitutionality of Chapter 263 of the Public Acts of 1951, being amendatory of the General Salary Act by making six new classifications and providing minimum salaries to certain named county officials, including clerk and masters.

The Act provided:

"The provisions of this Act shall not be mandatory where the County Court elects not to come under its provisions."

The County Court of Lawrence County adopted a resolution electing not to come under the provisions of the Act. Both the trial court and this Court held the exempting clause was an unlawful delegation of legislative authority because there cannot be a fixed salary for an official in one county and a different amount to the same official in another county, both counties being within the same classification.

In reaching the above conclusion, this Court said:

"It has been definitely decided that the compensation of county officials is not a 'private or local affair' within the meaning and intent of Article 11, Section 9 of the Constitution. The Legislature itself is not privileged to suspend the general law and discriminate between counties in fixing official salaries. *Nashville, C. & St. L. Ry. v. Carroll County,* 161 Tenn. 581, 33 S.W.2d 69; *Peters v. O'Brien,* 152 Tenn. 466, 278 S.W. 660; *Hunter v. Conner,* 152 Tenn. 258, 277 S.W. 71; *Roberts v. Roane County,* 160 Tenn. 109, 23 S.W.2d 239; *State ex rel. Shelby County v. Stewart,* 147 Tenn. 375, 247 S.W. 984; *Henderson County v. Wallace,* 173 Tenn. 184, 116 S.W.2d 1003; and *Tipton County v. Scott,* 177 Tenn. 507, 151 S.W.2d 167. The foregoing cases expressly hold that there cannot be a fixed salary for an official in one county and a different amount to the same official in another county, both counties being within the same classification."

Obviously, the holding in the Hobbs case is not authority for the proposition that Section 67-2011 is unconstitutional in permitting a municipality to elect which remedy it may lawfully choose to invoke for the collection of delinquent taxes where there is more than one remedy.

Other questions raised in the petition are a reargument of the authorities and facts as made in the original briefs filed. Under these circumstances these questions cannot be considered by us under Rule 32 of this Court. Nevertheless, we have re-examined these authorities and are still of the same opinion we were when we released our original opinion.

The petition must be denied.