C. M. HAGAN *v.* L. E. BLACK, *et al.*

*(Nashville.* December Term, 1928.)

Opinion filed June 15, 1929.

H. D. Derrick, for complainant.

J. G. CREWS, for defendant.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

Under appropriate pleadings, the chancellor held that the quarterly county court of Lawrence County had exceeded its powers in adopting the following resolution:

"Quorum of the Justices of the Peace being present, and a majority voting in the affirmative it is resolved that the sum of fifty dollars reward shall be appropriated to any officer of Lawrence County for the arrest and conviction of any and all persons upon the charge of operating or aiding in operating an illicit distillery in said County in the State Courts and that the sum of $25 shall be appropriated to any officer of the said County for the arrest and conviction of any person upon the charge of transporting and having in possession illicit liquors in said County in the State Courts, such appropriation to be made by this Quarterly Court whenever proper evidence of such arrest and conviction shall be presented to it by such officer of the County or Court."

A resolution of similar import had been enacted at a previous term of the county court, but is not now material since, under well-recognized principles, the later resolution covering the same subject operated as a repeal of the earlier resolution. The chancellor enjoined county officers from proceeding under the resolution, and from his decree the defendants, the sheriff, certain deputy sheriffs and constables, have appealed to this court.

Defendants assert the power of the county court to adopt and execute the resolution both by virtue of special statutes and as a general or implied power of the county.

██ The appropriation of county funds authorized by the resolution is in terms characterized as a "reward." It is clearly of that class of rewards called "bounties." A bounty is defined as "moneys paid or a premium offered to encourage or promote an object or procure a particular act or thing to be done, or a sum of money or other things given, generally by the government, to certain persons for some service they have done or are about to do the public." Bounty is the appropriate term "where the action or services of many persons are desired, and each one who acts on the offer may entitle himself to the promised gratuity without prejudice from or to the claims of others." 23 Ruling Case Law, pp. 1114-1115.

██ In the construction of statutes defining the powers of counties the "rule of liberal construction" does not prevail, but "the limits of all powers of counties, except those necessarily implied, must be found within the four corners of the statutory provision made by the legislature." *Burnett* v. *Maloney,* 97 Tenn., 697, 715-716, 37 S. W., 689, 34 L. R. A., 541, quoting from 4 Am. & Eng. Ency. Law, 389.

The purposes for which a county court may appropriate money are specifically set out and enumerated, and the enumeration in the general Code of 1858 is followed by the express limitation: "but not for any other purpose, unless specially provided for by law." Code of 1858, secs. 4215-4216; Shannon's Code, secs. 6045, 6046.

██ The weight of authority generally is that a county may not offer a bounty or reward for the detection of offenses against the laws of the State, nor for the conviction of criminals, unless expressly authorized by statute; the county government being charged by statute with

no duty or obligation to suppress crime from which the power to offer such reward or bounty could be implied. 24 Am. & Eng. Ency. Law (2 Ed.), p. 945, note 2; 23 Ruling Case Law, p. 1124 ("Rewards," sec. 13); *Grant County* v. *Bradford,* 72 Ind., 455, 37 Am. Rep., 174; *Felker* v. *Elk County,* 70 Kan., 96, 78 Pac., 167, 3 Ann. Cas., 156, and note.

General statutes authorizing counties to compensate sheriffs and other officers for *ex-officio* services do not confer power to enact the resolution in question. A designated fee is provided by statute as the compensation of each officer for making an arrest, and by Acts 1919, chapter 20, amended by Acts 1923, chapter 43, the compensation of each officer for his services in locating and destroying a still, and aiding in the conviction of the offender, is fixed at a fee of $10, to be paid by the State. By this statute it is expressly made the duty of all peace officers to "search for" illicit stills.

In *Nichols et al.* v. *Hickerson, Sheriff,* MS. opinion filed February 4, 1928, this court held that statutory authority to appropriate money to the sheriff for *ex-officio* services would not support a resolution of the county court appropriating to the sheriff a portion of the fines collected in liquor cases, the purpose of which appropriation was obviously the same as that for which the appropriation here involved was made. In so ruling, this court, through Mr. Justice McKINNEY, said:

"In 25 C. J., 169, *ex-officio* services are thus defined:

" 'Those duties performed by an officer for the compensation of which no·express provision is made by law; services for which the law provides no remuneration.'

"In *Calhoun County* v. *Watson,* 152 Ala., 554, 44 S., 702, the court said:

" 'Every service a circuit court clerk is required by law to perform, for which no fee or charge is specified, or that cannot be legally charged to either party in any cause, is an *ex-officio* service for which the clerk is entitled to reasonable compensation from the county.'

"In the instant cause one-half of the fines were awarded to the sheriff for services which every sheriff in the State was required to perform, and for which compensation has been provided. Hence this statute is not applicable."

■ Defendants rely upon Acts 1921, chapter 51, which adds to the items for which a county may appropriate money the power "to pay district attorneys-general, assistants, clerks and officers for services."

We think this statute has no application. Its purpose was clearly to enable counties to contribute to the maintenance of the office of district attorney-general, and the "assistants, clerks and officers" to whom appropriations may be made under this statute are the assistants and clerks of the district attorney-general, and the officers assigned to or attached to his office. We think we may judicially know that in the larger counties of the State the district attorney-general finds it necessary to have the sheriff assign one or more of his deputies to aid the attorney-general in the investigation of cases and to summon witnesses, etc. The language of the statute admits of no doubt that only expenses of the office of the attorney-general were intended.

We hold that county courts, not being charged by law with any duty to detect or punish crime, have no implied power to appropriate county funds for such purpose; and there being no statute expressly authorizing such an appropriation, the county court of Lawrence County was without power to adopt the resolution here involved.

The decree of the chancellor granting a permanent injunction against its enforcement will be accordingly affirmed. Defendants and their sureties will pay the costs of the appeal.