**STATE of Tennessee ex rel. Will Hall WINDHAM, Sheriff of DeKalb County, Appellant,**

v.

**Honorable Billy J. LaFEVER, County Judge of DeKalb County, Tennessee, Appellee.**

Supreme Court of Tennessee.

Nov. 6, 1972.

McAllen Foutch, Smithville, for appellant.

George E. LeFevre, Smithville, for appellee.

OPINION

ROBERT E. COOPER, Special Justice.

This appeal seeks review of a judgment entered in the Circuit Court of DeKalb County dismissing a petition for writ of mandamus filed on relation of Will Hall Windham, Sheriff of DeKalb County, and directed to Billy J. LaFever, County Judge of DeKalb County.

The question presented is the constitutionality of chapter 693 of the Private Acts of 1949, as amended by Chapter 134 of the Private Acts of 1951. The Act reads as follows:

"SECTION 1. *Be it enacted by the General Assembly of the State of Tennessee.* That in addition to the regular duties now prescribed by law, it shall be the additional duty of the Sheriff of DeKalb County, Tennessee, to patrol all roads and highways in said County regularly and on account of this additional duty he shall receive the sum of $1,200.-00 per annum, payable in equal monthly installments, out of the General Fund of said County. This compensation shall be in addition to that which he now receives as Sheriff. In the event said Sheriff fails or refuses to comply with the provisions of this Act, he shall forfeit all compensation as provided for under this Act. Provided, however, that

the aforesaid compensation shall be in lieu of all ex officio fees allowed by the Quarterly County Court of DeKalb County and whatever ex officio fees that may now or hereafter be allowed by said Quarterly Court same shall be a credit on the Twelve Hundred ($1,200.00) Dollar compensation hereby fixed."

The 1951 amendment to the Act increases the pay for the additional duty imposed on the Sheriff from $1,200.00 to $2,400.00 per year.

According to the stipulation of the parties, the above Act was passed to insure police protection in several small municipalities in DeKalb County which did not have sufficient funds to provide for their own law officers. Appellant, as Sheriff of DeKalb County, regularly patrolled all roads and highways in the County, as enjoined by the Act, for the period from July, 1966, to September 1, 1970. Payment for the performance of this duty was made until July, 1967. On refusal of the County Judge to make further payments under the Act, the appellant continued to regularly patrol the county and filed the suit now under consideration in an effort to recover the compensation allowed by the Act for the remainder of his service as Sheriff of DeKalb County.

The parties also stipulated that the fees collected by the appellant during his term of office as sheriff, together with the $200.00 per month fixed by the Private Act in question, as amended, exceeded the minimum statutory salary for the appellant, but did not reach the maximum statutory salary fixed by the general law. (T.C.A. § 8–2403)

The County Judge moved to dismiss the petition on the ground the Act is unconstitutional in that it provides for payment to the Sheriff for the performance of an ex officio service in a manner different from that authorized by general law.

The trial judge sustained the motion to dismiss and this appeal resulted.

The duties of a sheriff generally fall into two categories:

(1) The duties imposed and defined by statute. The fee to be paid for performance of these duties generally is prescribed by statute.

(2) Duties which the common law annexes to the office of sheriff (some of which are now covered by statute) for which no fee or charge is specified in payment. These duties are generally referred to as "ex officio" duties or services. Hagan v. Black, 159 Tenn. 290, 17 S.W.2d 908; State v. O'Dell, 169 Tenn. 248, 84 S. W.2d 577.

T.C.A. Sec. 8–2413 provides the method of compensating a sheriff for the performance of ex officio services, as follows:

"*Ex officio services of sheriff,*—The county courts of the different counties in this state shall, at their first quarterly term in each and every year, make such allowance as they in their discretion shall think sufficient to compensate their sheriffs for ex officio service."

Nowhere in the numerous statutes relating to the office of sheriff do we find specific mention of a duty to *regularly* patrol all roads and highways in a county. See T.C.A. Sections 8–810; 8–822; 33–505; 33–706; 33–707; 33–518; 38–202; 38–208; 53–244; 7–115.

The inquiry then in this case is: Is the service required of the sheriff of DeKalb County under the private act in question one imposed on sheriffs generally, from the nature of the office, or is it a duty required of the Sheriff of DeKalb County only? If the first, the private act would be unconstitutional, as held by the trial judge. See Shanks v. Hawkins County, 160 Tenn. 148, 22 S.W.2d 355. If the latter, the act would be constitutional and the Sheriff of DeKalb County, having performed the duties required of him, would be entitled to the compensation provided in the act.

A complete statement of duties imposed upon a sheriff is set out in State ex rel. Thompson v. Reichman, 135 Tenn. 653, 188 S.W. 225, wherein it was sought to remove the Sheriff of Shelby County on the charge he had failed to enforce the liquor laws within the City of Memphis. The Sheriff insisted he had no such duty, but this court found otherwise. It was said:

"To determine this issue, it is necessary to understand just what the duties of a sheriff are. The office of sheriff. . . . carries with it . . . all of its common-law duties and powers except as modified by statute. We have several statutes which bear on the question and which, taken together, set out the duties of the sheriff . . . at common law.

"Aside from the ordinary duties to execute and return process, to attend upon the courts, and to take charge of the jail [see T.C.A. 8–810 for an enumeration of the numerous duties of a sheriff], the following statutes . . . are applicable."

The statutes mentioned include the following provisions from the current Tennessee Code Annotated identical in language to those construed in *Reichman*:

"38–202. *Duties of sheriff—Principal conservator of the peace—Summoning aid.*—The sheriff is the principal conservator of the peace in his county, and it is his duty to suppress all affrays, riots, routs, unlawful assemblies, insurrections, or other breaches of the peace, to do which he may summon to his aid as many of the male inhabitants of the county as he thinks proper."

"38–208. *Duty to arrest.*—It is the duty of all peace officers who know or have reason to suspect any person of being armed with the intention of committing a riot or affray, or of assaulting, wounding, or killing another person, or of otherwise breaking the peace, to arrest such person forthwith, and take him before some justice of the peace."

"8–822. *Conservator of peace—Summoning posse.*—The sheriff and his deputies are conservators of the peace, and, to keep the peace, prevent crime, arrest any person lawfully, or to execute process of law, may call any person or summon the body of the county to their aid."

In *Reichman* the court goes on to state:

"To summarize, it is the duty of a sheriff to keep the peace and prevent or suppress crimes and public offenses. In order to do this, he is authorized to arrest, without a warrant, persons known to be or suspected of being armed for the purpose of committing a breach of the peace, and such persons may be required to give security to keep the peace. All other breaches of the peace he is simply commanded to suppress. And, to this end, he is authorized, for such a breach of the peace threatened in his presence, to make an arrest without a warrant. He may likewise arrest for any misdemeanor committed in his presence. In the case of all other misdemeanors, he must have a warrant.

" . . . The duties imposed cannot be performed without some degree of activity and diligence to inform himself of conditions in his county. Certainly they preclude the idea that he may, without dereliction, shut his eyes to what is common knowledge in the community, or purposedly avoid information, easily acquired, which will make it his duty to act.

"*We do not mean that it is his duty to patrol the county as the streets of the city are patrolled by the police*, or to maintain a detective force to ferret out crimes. All we now decide is that it is the duty of the sheriff and his deputies to keep their eyes open for evidence of public offenses, and that it is a distinct neglect of duty for them to ignore common knowledge of law violations or to intentionally avoid being where they have reason to believe that such offenses are being committed . . . .

\* \* \* \* \* \*

"Again it is clear that the duties and powers of a sheriff within the limits of an incorporated city are precisely the same that they are in the remainder of the county. The law draws no distinction."

■ The foregoing language supports the determination we now make; that is, it is the duty of all county sheriffs to maintain law and order in parts of the county which the sheriff knows are not being adequately policed by local authorities, which calls for the exercise of a reasonable degree of activity and diligence on the part of the sheriff to keep informed of conditions in his county, but does not require him "to patrol all roads and highways in the County regularly."

■ The duty imposed by the private act on the sheriff of DeKalb County, not being one required of sheriffs generally under statutes or by the common law, is not an "ex officio" duty; consequently, the fixing of compensation for the performance of the duty by the legislature is not in contravention of the general law giving the authority to the county court to compensate a sheriff for the performance of "ex officio" services, and is constitutional.

■ It is contended by appellee in a supplemental brief that the private act in question undertakes to amend the salary to be paid the Sheriff of DeKalb County in derogation of the general law (Section 8–2403, Tennessee Code Annotated) and is, therefore, unconstitutional. We do not read this into the Act. The parties stipulated that the sheriff's annual compensation from fees collected, plus the payment provided to the sheriff to make a regular patrol of roads in the county, did not reach the maximum provided by law for a sheriff in DeKalb County. Had the sheriff's fees, including the $200.00 per month payment, exceeded the maximum allowed by law for a sheriff in the DeKalb County class, the excess compensation and fees would have gone back into the county treasury.

The judgment of the trial court dismissing the suit is reversed. Judgment will be entered in this Court awarding appellant, Will Hall Windham, a judgment for $7,400.00 together with costs of the cause.

DYER, C. J., and CHATTIN, HUMPHREYS and McCANLESS, JJ., concur.