ENOCH GEORGE, Sheriff of Maury )
County, Tennessee, )
 ) **Maury County Circuit**
 Plaintiff/Appellee, ) No. 7285
 )
VS. )
 ) **Appeal No.**
ED HARLAN, County Executive of Maury ) **01A01-9712-CV-00692**
County, Tennessee, )
 )
 Defendant/Appellant. )

**FILED**

**September 30, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

## IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

### APPEAL FROM THE CIRCUIT COURT OF MAURY COUNTY
### AT COLUMBIA, TENNESSEE

### HONORABLE JAMES L. WEATHERFORD, JUDGE

Robert L. Holloway, Jr., #6535
FLEMING, HOLLOWAY, FLYNN & SANDS
207 West 8th Avenue
Columbia, Tennessee 38401
ATTORNEY FOR PLAINTIFF/APPELLEE


William H. Dale, Jr.
611 North Main Street
Columbia, Tennessee 38401

Thomas W. Hardin, #2873
HARDIN & PARKES
102 West 7th Street
Columbia, Tennessee 38401
ATTORNEYS FOR DEFENDANT/APPELLANT

### AFFIRMED AND REMANDED.

HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCURS:
BEN H. CANTRELL, JUDGE

CONCURS IN RESULT:
WILLIAM C. KOCH, JR., JUDGE

| | | |
|---|---|---|
| ENOCH GEORGE, Sheriff of Maury County, Tennessee, | ) ) ) | **Maury County Circuit** |
| Plaintiff/Appellee, | ) ) | **No. 7285** |
| VS. | ) ) | |
| ED HARLAN, County Executive of Maury County, Tennessee, | ) ) ) | **Appeal No.** **01A01-9712-CV-00692** |
| Defendant/Appellant. | ) ) ) | |

# O P I N I O N

The County Executive of Maury County has appealed from a judgment of the Circuit Court of Maury County authorizing the Sheriff of Maury County to employ additional assistants and to increase the wages of some existing assistants.

THE PLEADINGS

On August 13, 1996, the Sheriff filed this suit against the County Executive and County alleging:

1. He was last elected in August, 1994.

3. The suit is filed pursuant to T.C.A. §§ 8-20-101 et seq.

    5-16.  Details of operation of the Sheriff's office.

The complaint prayed for the following relief:

2. Fifteen additional employees

3. Pay for jailors and transportation officers pursuant to "Schedule of Pay Ranges for Sheriff's Department.

4. Pay for nurse pursuant to Grade 27, Step D of the Schedule of Pay Ranges for Sheriff's Departments.

5. Fee for Sheriff's attorney pursuant to T.C.A. § 8-20-107.

The answer specifically admitted that the Sheriff works full time and cannot personally discharge all of the duties of his office. It denied that the requested additional personnel or requested pay increases were required or justified and denied that the Sheriff was entitled to any of the requested relief.

By agreed order, the County was dismissed.

The final order of the Circuit Court provided:

> 1. The Plaintiff is granted three (3) additional deputies for the night shift, two (2) additional deputies for the day shift and two (2) court officers. Each of these additional positions shall be paid at the minimum salary per year per employee of $21,957.52, or at the Grade and Step applicable according to the most recent "Schedule of Pay Ranges", whichever is greater, as produced by the Director of Accounts and Budgets for Maury County.

> 2. The position of registered nurse at Maury County Sheriff's Department shall be paid at Grade 21, Step D, according to the "Schedule of Pay Ranges" as produced by the Director of Accounts and Budgets for Maury County, Tennessee.

> 3. All jailors and transportation officers shall be paid at Grade 9 of the "Schedule of Pay Ranges" as produced by the Director of Accounts and Budgets for Maury County, Tennessee, except that transportation officers shall be paid at a minimum Step C level of Grade 9.

> 4. That attorney's fees and expenses for the Plaintiff are approved in the amount of $26,703.93 incurred by the Sheriff relative to this litigation are also approved.

Historical Background

The State Constitution, Art. VII, § 1, provides for a county Sheriff whose term of office is 4 years. Originally, the office of sheriff was a one-man operation with limited duties for performance of which the sheriff was entitled to collect specified fees as his compensation. Statutes were passed fixing the annual pay of sheriffs who were required to pay into the county treasury any surplus of fees not used for salary and expenses. Still other statutes empowered circuit courts to approve the employment of deputies or assistants by

-3-

sheriffs who could not, by working full time, perform all of their duties, and to fix the pay of such employees. Still other statutes authorized county legislative bodies to appropriate county funds to supply a shortage of fees to pay the expenses of the sheriff and/or to provide non statutory services.

Appellant's First Issue is:

> I. Whether the trial court erred by awarding pay increases to the nurse, jailers and transportation officers currently employed at the Maury County Sheriff's Department because the plaintiff did not devote his entire time to the performance of his statutory duties.

The answer admits that the Sheriff works full time and cannot personally discharge all of the duties of his office.

T.C.A. § 8-8-201 lists 34 statutory duties of sheriffs, one of which is:

"Such other duties as may be imposed by law. However, no distinction is made for ex officio duties.

T.C.A. § 8-24-102 provides for a fixed salary for sheriffs.

T.C.A. § 8-24-103 provides:

> (a)(1) The County Legislative Body in any County shall make the necessary appropriation and pay to the sheriff of its county the maximum salary fixed by § 8-24-102, and the authorized expenses fixed by law for the operation of the sheriff's office including the salary of all the sheriff's deputies as authorized pursuant to Chapter 20 of this Title.

Apparently, the county legislative body includes in its budget expenses of certain specified services by the Sheriff's Department which services are conceived to be "ex officio," i.e., not required by statute and therefore wholly within the control of the county legislative body independent of any statutory jurisdiction of the Circuit Court.

-4-

Appellant does not define the expression, "ex officio duties." Apparently, it refers to non-statutory duties. However, the record does not disclose what percentage of the time of the sheriff or his employees is spent in performance of ex officio duties.

Upon review of the record on appeal, this Court is not able to determine that the evidence preponderates against the finding that the sheriff's heavy work schedule included enough time spent in performing his statutory duties to satisfy the requirement that he devotes his "full working time" to the duties of his office. TRAP Rule 13(d).

No merit is found in appellant's first issue.

Appellant's Second Issue is:

> II. Whether the trial court erred by awarding pay increases to the nurse, jailers and transportation officers currently employed at the Maury County Sheriff's Department because the trial court did not authorize the employment of the nurse, jailers and transportation officers.

Apparently, the appellant conceives that the jurisdiction of the Circuit Court to authorize salaries is limited to the salaries of additional deputies or assistants whose employment is authorized in the same order.

T.C.A. § 8-20-104 reads as follows:

> **Decree - Modification**. - The order of the court shall be spread upon the minutes of the court, as in the case of other judgments and decrees, and the petition and answer thereto shall be docketed, filed, and kept as permanent records of the court. The order or decree fixing the number of deputies and salaries may be changed or modified by increasing or decreasing the number of deputies and the salaries paid each, from time to time, upon application made in the manner above provided; or any such officers without such formal application may decrease either the number of deputies or assistants and the salaries of any of them where the facts justify such course. (Emphasis supplied)

Since the Sheriff was elected in 1994, a previous Circuit Court proceeding in 1994 necessarily authorized employment of assistants required at that time. Therefore the present proceeding, initiated in 1996, was a "mid-term" supplemental proceeding.

So far as this record shows, the employment of the particular employees involved in the second issue was authorized by a previous order of the Circuit Court. Since the Court is presumed to have acted legally and within its jurisdiction, and there is no showing otherwise, the power of the Circuit to adjust the pay of previously authorized employees is established by Section 8-20-104. See *Atkinson v. McClanahan*, Tenn. App. 1974, 520 S.W.2d 348.

No merit is found in appellant's second issue.

Appellant's third and fourth issues are:

> III. Whether the trial court erred by awarding pay increases to the nurse, jailers and transportation officers currently employed at the Maury County Sheriff's Department because the nurse, jailers and transportation officers were performing ex officio services over which the county legislative body has complete control.

> IV. Whether the award of pay increases to the nurse, jailers and transportation officers employed at the Maury County Sheriff's Department was contrary to the weight and preponderance of the evidence.

The Tennessee Constitution does not prescribe the sheriff's duties even though sheriffs are constitutional officers. See Tenn. Const. Art. VII, § 1; *Shelby County Civil Serv. Merit Bd. v. Lively*, 692 S.W.2d 15, 16 (Tenn. 1985); *White v. Davidson County*, 210 Tenn. 456, 462, 360 S.W.2d 15, 18 (1962); *McCully v. State*, 102 Tenn. 509, 571, 53 S.W.134, 149 (1899) (Wilkes, J., dissenting). Their duties were originally defined by the common law, *State ex rel. Thompson v. Reichman*, 135 Tenn. 653, 661-62, 188 S.W. 225, 227, reh'g

denied, 135 Tenn. 685, 188 S.W. 597 (1916), but are now largely prescribed by statute. *Metropolitan Gov't of Nashville & Davidson County v. Poe*, 215 Tenn. 53, 70, 383 S.W.2d 265, 273 (1964).

Over the decades, the sheriff's responsibilities have expanded from being primarily ministerial to include peacekeeping functions. Now, the sheriff's statutory duties encompass his common law duties and can be grouped into four broad categories: (1) serving the process and orders of the courts; (2) attending the courts; (3) operating the jail; and (4) keeping the peace.

The duties of the sheriff generally fall into two categories:

(1)     The duties imposed and defined by statute. The fee to be paid for the performance of these duties generally is prescribed by statute.

(2)     Duties which the common law annexes to the office of sheriff (some of which are now covered by statute) for which no fee or charge is specified in payment. These duties are generally referred to as "ex officio" duties or services. *State ex rel. Windham v. LaFever*, 486 S.W.2d 740, 742 (Tenn. 1972); *see also Hagan v. Black*, 159 Tenn. 290, 294, 17 S.W.2d 908, 909 (1929).

Circuit Court has jurisdiction to authorize employment and pay of assistants needed by the sheriff to perform his statutory duties, and appropriation of necessary expenses thereof is enforceable by mandamus. The precise identificatipon of the activities of the various assistants as statutory duties and "ex officio duties" is difficult, if not impossible.

An unpublished opinion of this Court has stated that answering reports of law violations is a statutory duty of the sheriff but that maintaining a patrol is an "ex officio duty" which must be specially authorized and financed by the county legislative body. Just where the line is drawn between the time spent by a patrolman cruising a section of the county and the time spent in

responding to a radio call for help is not easily determined. In any event, the issues in the present appeal do not require a resolution of this question.

The appellant argues that the Circuit Court should not have approved pay for the jail nurse because part of her work is unauthorized "ex officio" work. T.C.A. § 41-4-138 authorizes county sheriffs to employ a male and a female nurse to make complete physical examinations of all prisoners to prevent spread of diseases. T.C.A. § 41-4-115 states that "county legislative bodies alone have the power and it is their duty to provide medical attendance (i.e., services of a doctor) upon all prisoners confined in the jail of their respective counties."

It appears to this Court that the services of nurses to prevent the spread of disease, and the services of a physician to treat illnesses are separate and distinct functions, the furnishing of the former being a statutory duty of the sheriff, and the furnishing of the latter being a statutory duty of the county legislative body. Nevertheless, it is clear that the Circuit Court has the power to authorize employment of personnel necessary to properly perform the duties of the office of the sheriff and the legislative body has the duty to provide the funds to carry out the order of the Circuit Court.

The appellant also takes issue with the decision of the Sheriff, approved by the Circuit Court to combine the work and equalize the pay of dispatchers and transportation officers for purposes of efficiency. It is claimed that the County Commission "established" the transportation officers and that they were performing "ex officio" services by transporting sick people, mental cases and juveniles and assisting at the jail.

The General Assembly is the supreme legislative body of this state, and local legislative bodies and officers are subject to its direction and control. The General Assembly has prescribed broad duties of county sheriffs and has conferred upon Circuit Courts the power to authorize personnel to perform those duties, and upon the Circuit and Chancery Courts the power to

require the county legislative body to provide funding for proper performance of the duties of the sheriff.

The County Legislative Body has the power to appropriate funds to enable the Sheriff to perform public duties outside his statutory duties. To this extent, it does control the nature of the non statutory duties. However, where the statutory services and non statutory services are so closely intertwined, the County has the burden of showing that its control of non statutory services has been seriously jeapardized. That burden has not been sustained by the present record.

No merit is found in appellant's third and fourth issues.

The judgment of the Circuit Court is affirmed. Costs of this appeal are taxed against the appellant. The cause is remanded to the Trial Court for further appropriate proceedings.

**AFFIRMED AND REMANDED.**

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCURS:

_____
BEN H. CANTRELL, JUDGE

CONCURS IN RESULT:

_____
WILLIAM C. KOCH, JR., JUDGE